EUCLID HOLDING COMPANY, Landlord, Appellant, *v.* DAVID A. SCHULTE and Another, Tenants, Respondents, D. A. SCHULTE, INC., Guarantor, Respondent, and LICHTENSTEIN APPAREL SHOP, INC., and Others, Undertenants. ■

Supreme Court, Appellate Term, First Department, December 20, 1934.

*Simpson, Thacher & Bartlett [Robert H. O'Brien* of counsel], for the appellant.

*Jerome Eisner [Henry I. Fillman* of counsel], for the respondents.

PER CURIAM. The ground upon which the trial court dismissed the petition against the tenant was that the lease of the building was illegal by reason of the failure of the landlord to procure a certificate of occupancy after the completion of alterations, in accordance with section 411-a of the Greater New York Charter† and section 5 of the Building Code. The lease provides for legal occupation of the premises, and the tenant covenanted that during the

† Now Greater New York Charter, § 412, subd. 2, added by Laws of 1933, chap. 764.— [REP.

term he would promptly observe and at his own expense comply with and execute all present and future laws, etc. The provision for a certificate of occupancy was then a present law. The occupation in this case without a certificate is not in itself such an illegality as to involve the doctrine *ex turpi causa non oritur actio.*

If a certificate of occupancy were necessary after the alterations made by the tenant in 1920 it was the failure of the tenant to procure the certificate upon completion of the alterations which affected the subsequent occupancy. There is no violation against the building either in the building department or in the tenement house department; it appears from the certificates filed in the building department that the alterations have been examined and found to conform in all respects with the approved plans and specifications and the Building Code; and the tenant or his assignee has been in continuous possession from October 1, 1920, down to the default upon which the present proceeding is founded. (See *Minton* v. *Schulte, Inc.,* 153 Misc. 195.)

As no point is made in respect to the dismissal of the proceeding as against the lessee-assignor a review of the ruling of the trial court in that regard would be superfluous.

So much of the final order as dismisses the petition and directs judgment in favor of the tenant Dasco Realty Corporation against the landlord reversed, with thirty dollars costs, and final order directed against said tenant, with costs, and judgment directed in favor of the landlord against said tenant for the sum of $17,330.92.

All concur; present, LYDON, HAMMER and SHIENTAG, JJ.