Henry A. Hudson, J.
The defendant has moved for a judgment on the pleadings pursuant to rule 112 of the Buies of Civil Practice.
The plaintiffs and one Gordon J. Hathaway, on November 14, 1946 formed a partnership for the purpose of engaging in the sale and service of new and used motor vehicles. Such partnership continued until the first day of April, 1954 when it was dissolved and the parties and said Hathaway entered into separate businesses at separate locations. On the 11th day of July, 1952, the plaintiffs executed and delivered to the defendant, with whom the partnership carried on its banking business and through whom it financed the sale of the automobiles, a certain guarantee agreement under and pursuant to which the payment of paper discounted by the partnership with the defendant was guaranteed by the plaintiffs and also by the said Hathaway. During the course of the partnership business extensive financing by conditional sales contracts was carried on by the partnership with the defendant and numerous of such contracts were from time to time, both prior to and subsequent to the dissolution of the partnership written, modified, extended, *499 amended and rewritten. That some time during July, 1955 and prior to the 11th day of July, 1955, the defendant charged against the individual bank account of the plaintiffs carried by them with the defendant, the sum of $8,000, there being at the time some $14,000 in such account. That between the 11th and 14th days of July, 1955, the plaintiffs and representatives of the bank, Gordon J. Hathaway and attorneys representing the parties held several conferences in respect to the action of the defendant in charging the plaintiffs ’ personal bank account with the sum of $8,000 and on the 14th day of July, 1955 the plaintiffs executed and delivered to the defendant their promissory note bearing that date in the sum of $7,500 with interest at 6%, together with a real estate mortgage covering real estate in the village of Newport, Herkimer County, New York, owned by the plaintiffs jointly and constituting their residence, and at the same time also paid to the defendant the sum of $500 in cash. The defendant issued its treasurer’s check to the plaintiffs in the sum of $7,500 and the plaintiffs in turn indorsed such check and delivered the same to the defendant which deposited such check and the sum of $500 in the plaintiffs’ personal bank account in the defendant bank to replace the' sum of $8,000 which had been charged against the same.
That the sum of $8,000 which had been charged against the personal bank account of the plaintiffs had been applied against the indebtedness of the plaintiffs and Gordon J. Hathaway for the indebtedness of the partnership, Hathaway & Waller, whose total indebtedness to the defendant as claimed by it, exceeded $15,000. That on July 14,1955 at the time of the execution of the note and the mortgage, the defendant agreed to accept the same in full settlement of its claim against the plaintiffs. That upon the maturity of the note dated July 14, 1955, namely, October 14, 1955, the plaintiffs made and executed a renewal note in the sum of $7,500 payable three months after date and paid the interest thereon to the defendant.
All of the above facts appear either from the allegations of the complaint, or the allegations of the answer, which sets up as a separate defense that an accord and satisfaction was accomplished between- the parties as a result of negotiations between them from July 11 to July 14,1955 inclusive, culminating in the execution and delivery by the plaintiffs of the note and real estate mortgage described in the complaint and in the testimony taken of the plaintiff, William Waller, and his partner, Gordon J. Hathaway, such examinations being held August 24, 1956 and September 7, 1956. No reply appears to have been served by *500 the plaintiffs to the affirmative defense set forth in the defendant’s answer and the testimony of the plaintiff, William Waller, upon his examination before trial of the defendant, admits the correctness of the allegation of the affirmative defense set forth in the defendant’s answer.
The plaintiffs have submitted no authorities to the court to substantiate the sufficiency of the complaint nor to deny or question the allegation of the affirmative defense of accord and satisfaction set forth in the defendant’s answer. This motion is made pursuant to rule 112 of the Rules of Civil Practice and the court is, therefore, restricted to a consideration of the pleadings and any admissions which may appear in the papers properly before the court.
The defendant contends that the court is entitled to consider as admissions the testimony of the plaintiff, William Waller, upon the examination before trial but has submitted no authorities in support thereof other than those which hold that statements in a bill of particulars may be considered. Such statements are a part of the pleadings and admissions therein contrary to the allegations of the complaint may be considered by the court. An examination before trial, however, may be met by other proof which would deprive them of their conclusive character and, therefore, cannot in my opinion, be properly considered. (Tripp on A Guide to Motion Practice, 1949-1955 Supp. § 93, p. 225, citing Drivas v. Zaharakos, N. Y. L. J., March 1, 1940, p. 965, col. 4.)
The failure of the plaintiffs to serve a reply denying the allegations of the affirmative defense of accord and satisfaction would seem to me to be sufficient to constitute an admission of such allegation by the plaintiffs. It is interesting to note in passing, although the court is not taking such fact into consideration in deciding this motion, that the testimony of the plaintiff, William Waller, on his examination before trial, admits substantially all of the factual allegations of the affirmative defense set forth in the answer. An examination of the complaint convinces me that the only allegations, which could be considered to substantiate and support the relief requested by the plaintiff are those contained in paragraphs numbered “ 13 ” and “ 19 ”. Paragraph “13” reads as follows: “That the consideration for the execution and delivery of the promissory note referred to in Paragraph ‘ 4 ’ above, and the consideration for the execution and delivery of the mortgage referred to in Paragraph £ 5 ’ above was the purported guaranty agreement referred to in Paragraph £ 6 ’ above. That the said guaranty agreement is void on its face, béing given for no con *501 sideration, and being against public policy; that therefore, the note and mortgage were given for no consideration, and are both invalid, void and of no effect.” This paragraph of the complaint supports the request for relief numbered “ 1 ”, “2” and “3” of the plaintiffs’ demand for relief, which specifically requests an adjudication that the promissory note and real estate mortgage be declared null and void; that the defendant be directed to execute a satisfaction of the mortgage and a cancellation of the note and that the guarantee contract dated July 11, 1952 be declared null and void as being given without consideration and against public policy. Paragraph “ 19 ” reads as follows: “ That at no time other than July — 1955, when the alleged assessment was levied, was there, or has there been an accounting by defendant of the conditions of any of the several contracts with Hathaway & Waller and purchasers; that by reason thereof, it is impossible to ascertain what, if any, liability appertains to these plaintiffs as sureties, on contracts written prior to April 1, 1954.” This paragraph supports the demand for relief numbered “ 4 ”, namely, that the defendant be directed to account to the plaintiffs for all transactions between the defendant and the partnership, Hathaway & Waller. An examination of paragraph “13” reveals that the same contains at best conclusions of law. The first sentence alleges that the consideration for the execution of the promissory note and mortgage dated October 14, 1955 was the guarantee agreement annexed to the complaint. A copy of the mortgage in question is also annexed to the complaint. An examination of the mortgage fails to reveal any reference to such guarantee agreement but on the contrary recites an entirely different consideration, namely, the promissory note in the sum of $7,500. The second sentence of paragraph “ 13 ” alleges that the guarantee agreement is void on its face being-given for no consideration and being against public policy. An examination of the guarantee attached to the complaint indicates that it is drawn in the usual form of such instruments, recites that it is given for value received and the guarantee agreement in and of itself would seem to disprove the conclusory statements as to its invalidity contained in such paragraph “13”.
No authorities have been submitted by the plaintiffs to substantiate these legal conclusions.
The defendant has submitted numerous authorities among which is Sun Oil Co. v. Heller (248 N. Y. 28). This case, I believe clearly indicates that the guarantee annexed to the complaint repites .a .sufficient consideration and is certainly not against *502 public policy as a matter of law. I am, therefore, of the opinion that paragraph “ 13 ”, which is a part of the first cause of action set forth in the complaint, is not sufficient to allege any cause of action justifying the relief requested by the plaintiffs in paragraphs “ 1 ”, “2” and “3” of their demand for relief. Paragraph “ 19 ” sets forth that at no time other than a blank date in July, 1955 has there ever been an accounting by the defendant and the inference is clear that it is alleged that there was an accounting on some date in July, 1955. Even if there had been no accounting between the defendant and Hathaway & Waller, the allegations contained in paragraph “19 ” of the complaint are not, in my opinion, sufficient to support the plaintiffs’ demand for relief contained in paragraph “ 4 ” of such demand. Again no authorities have been submitted by the plaintiffs supporting their claim to a right for an accounting from the defendant.
The defendant has submitted numerous authorities substantiating its contention that before the plaintiffs are entitled to an accounting they must allege facts showing a fiduciary or trustee relationship between the bank and the plaintiffs and that the only relationship indicated in the complaint is that of debtor and creditor. (Marvin v. Brooks, 94 N. Y. 71; Hermes v. Compton, 260 App. Div. 507; Gilbert Paper Co. v. Prankard, 204 App. Div. 83.) I am, therefore, of the opinion that on the face of the complaint, the plaintiffs have failed to set forth a cause of action and the defendant’s motion to dismiss the complaint under rule 112 should be granted, with $10 costs. An order in accordance with this decision may be submitted.