LORETTA R. WEDDING, Appellant, v. ERLING S. WEDDING, Respondent.—

Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

ROBERT ARMSTRONG, Respondent, v. ISIDORE HANDSHUH et al., Appellants.—

No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

EPHRAIM BENNIS et al., Respondents, v. ALBERT C. THOMAS et al., Appellants, et al., Defendants.—

The subject mortgage was given by the mortgagors, defendants Thomas, at the time they took title to the real property in question. At the same time the mortgage was assigned to plaintiffs. Usury may not be claimed as a defense against enforcement of a purchase-money mortgage, unless the mortgage was utilized as a cloak to cover a truly usurious loan (*Del Rubio* v. *Duchesne*, 284 App. Div. 89; *Butts* v. *Samuel*, 5 A D 2d 1008). Here, there was no proof that the mortgage in question was given to conceal usury. The record also discloses that at the time of the execution and delivery of the mortgage in suit and of its assignment to plaintiffs, the mortgagors executed, and delivered to plaintiffs' attorney, an estoppel certificate to the effect that there were no defenses to the said mortgage. The mortgagors, therefore, are estopped from resisting foreclosure of the mortgage at least to the extent of the amount of money that plaintiffs paid for the mortgage (*Miller* v. *Zeimer*, 111 N. Y. 441; *Payne* v. *Burnham*, 62 N. Y. 69). We do not pass on the question of whether usury was exacted with respect to a different mortgage, given by the mortgagors to the person from whom they bought the subject property, on the same day that title passed but later in the day. That subsequent mortgage was not given in the presence of plaintiffs or the attorney who represented them in the transaction; and there was no proof from which it could be found that plaintiffs or their attorney had knowledge of any facts concerning such mortgage. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.