Joseph A. Sarafite, J.
This is a motion by plaintiff to strike the affirmative defense and for judgment on the pleadings pursuant to CPLB 3211 and 3212.
The facts are not in dispute. Plaintiff exacted more than 25% interest on a loan secured by promissory notes. Plaintiff, on January 8, 1968, returned all of the money exacted as interest or bonus.
The affirmative defense sought to be stricken sets up the provisions of the criminal usury statute, section 190.40 of the Penal Law, as a bar to recovery.
Plaintiff claims that section 5-519 of the General Obligations Law permits relief from penalty or forfeiture if the money is returned.
Section 5-519 by its terms permits such relief only of penalties incurred under sections 5-511 or 5-513 of the General Obligations Law. Section 5-511 — which declares usurious contracts void — refers to section 5-501 and the latter defines the legal rate of interest to be 6% per annum.
Section 190.40 of the Penal Law however, provides that the unlawful charging of more than 25% annual interest on loans to any individual or business entity is a felony.
Defendants therefore contend that the plaintiff can only derive the protection of section 5-519 if the excess interest *1017 exacted and returned did not amount to the percentage specified in the Penal Law. This is the view of the court.
In this connection, it is interesting to note that the act amending the former Penal Law by adding section 2401 (now § 190.40 of the revised Penal Law) which defined criminal usury, also amended section 5-521 of the General Obligations Law to permit corporations to interpose the defense of criminal usury in any action to collect a loan where the interest charged exceeded 25% (§ 5-521, subd. 3; see, also, Governor’s Memorandum, dated June 7, 1965, approving L. 1965, ch. 328; N. Y. Legis. Annual, 1965, pp. 509-510).
Moreover, the express language of section 5-519 permits relief only of penalties incurred under the General Obligations Law. No reference is made therein to usury in its criminal aspect (cf. People v. Young, 207 N. Y. 522). Indeed, as was stated by the Court of Appeals in that case concerning a somewhat analogous situation (p. 531): “it would be wholly inconsistent with the object of such legislation to provide, after declaring a violation of the article to be a misdemeanor, that the offender could relieve himself from punishment at any time * * * by simply repaying the sum which he had unlawfully exacted.”
Consequently, under these facts the provisions of section 5-519 of the General Obligations Law do not apply to a violation of the criminal usury statute. The motion is denied.