John F. Scileppi, J.
This is an application for a preliminary injunction and related relief in connection with the mortgage held by the defendant bank on the home and property of the plaintiffs.
The plaintiffs, a husband and wife, contracted with a building developer, Sandale Development Corp., to buy a newly built house and lot for the purchase price of $23,600. That contract, dated August 3, 1970, also recited that the purchasers were to obtain a mortgage in the amount of $20,700 at an annual interest rate of 7%%. The plaintiffs appear to have applied for such a mortgage, although, as defendant’s counsel points out, the signature page of the application is not in evidence. At the time this contract was signed, the developer Sandale had already *325 obtained a mortgage on the property in the amount of $20,700, at an annual interest rate of 8’%%. As evidence of this, the plaintiffs have submitted a copy of an extension agreement relating to that mortgage between Sandale and the bank dated March 17, 1970. Paragraph 20 of that extension agreement states in pertinent part: “In the event of the sale of said premises to an individual approved by the holder of this mortgage, the interest rate thereafter payable by such purchaser shall be at the rate of seven-and-one-half per centum per annum or such higher interest rate as may be allowed by law at the time of such sale. ’ ’ The plaintiffs purchased the property from Sandale on October 8,1970, and their deed recites that they assume San-dale’s mortgage “ in accordance with the terms thereof, in the unpaid principal balance of $20,636.81 ”.
The plaintiffs have recently been in default in making their mortgage payments, and the bank has threatened to foreclose. The plaintiffs obtained an order to show cause from this court on March 6,1973 staying the institution of a foreclosure action.
The plaintiffs contend that the interest rate on their mortgage, which is admittedly 8%%, is usurious; that the bank has misapplied the payments made by the plaintiffs pursuant to the mortgage over the course of approximately two years, with the result that the unpaid principal of the mortgage loan has been reduced by less than $400, despite the fact that the plaintiffs’ total payments to the bank over the same period of time were in the thousands of dollars; and that the defendant has not complied with the Federal statute regarding disclosure to borrowers.
The relief sought by the plaintiffs includes the following: (1) a permanent injunction preventing the defendant from foreclosing its mortgage; (2) a declaration that the mortgage loan is usurious, with the attendant penalties taxed to the defendant; (3) an accounting by the defendant to determine the application of all payments made by the plaintiffs pursuant to the mortgage; and (4) a declaration that the defendant has violated the Federal disclosure laws, with the attendant penalties therefor.
With respect to these contentions, the defendant takes the following position. The bank concedes that it has been charging the plaintiffs 8'%% interest, but argues that this is proper and not in violation of any law, because the plaintiffs assumed the developer’s mortgage, and that mortgage was valid. The bank also concedes that it has not furnished the plaintiffs with disclosure statements, but contends that the disclosure regulations are not applicable to these plaintiffs. As for the accounting, the *326 defendant maintains that the statements regularly sent to the plaintiffs, like the ones sent to all its mortgagors, fully set forth the application of mortgage payments, either toward the principal balance, the escrow reserve, or the interest. Of course, the bank denies the right of the plaintiffs to an injunction prohibiting foreclosure.
With respect to the question of usury, the defendant’s position is correct. It has been established that usury is a personal defense which may be waived by the borrower, and that a conveyance which is subject to the usurious mortgage constitutes such a waiver. (Howard v. Kirkpatrick, 263 App. Div. 776 [3d Dept., 1941].) “ The purchaser of land taking the equity of redemption ‘ subject to ’ a mortgage 1 cannot question the validity of the prior mortgage on the ground of usury ’ (Del Rubio v. Duchesne, 284 App. Div. 89, 93 [1st Dept., 1954]). This principle was most recently and most clearly enunciated in Rosenbaum v. Rose (35 Misc 2d 431, 432 [Sup. Ct., Westchester County, 1962]). In an action to foreclose, the grantee of the original mortgagor asserted the defense of usury. The court held that such a grantee was a stranger to the original mortgage transaction and that “ the defense of usury may * * * never be set up by one who takes title subject to and assumes payment of a mortgage and note even where it calls for interest in excess of that permitted under the General Business Law [now the General Obligations Law] to be charged to an individual ”. To the same effect is the comment in Carmody-Wait 2d (vol. 15, New York Practice, § 92:169).
With respect to the plaintiffs’ request for an accounting, that remedy is not available unless there exists a fiduciary relationship between the plaintiffs and the defendant, together with some allegation of wrongdoing on the part of the defendant. (1 N. Y. Jur., Accounts and Accounting, § 20.) It has been specifically held that the debtor-creditor relationship between a bank and its borrower is not sufficient to sustain an action for an accounting. (Waller v. First Bank & Trust Co. of Utica, 12 Misc 2d 497 [Sup. Ct., Oneida County., 1957].)
The plaintiffs’ final argument is that the defendant violated the Federal “ Truth in Lending Act” (U. S. Code, tit. 15, §§ 1601-1681t) by failing to disclose that the amount of interest they would be paying was 8%%, and not 7%%. The defendant concedes that no such disclosure was made, but argues that such a disclosure was not required under Regulation Z of the Federal Reserve Board (Code of Fed. Reg., tit. 12, § 226.8[k]). Specifically, the defendant relies on an Interpretation of this section *327 issued by the Federal Reserve Board on June 10, 1969 which provides as follows: “The question arises as to which disclosures are required to be made under § 226.8(h).
“For the purposes of § 226.8(h), an ‘assumption’ occurs only when, by written agreement entered into between a subsequent customer and the creditor, that subsequent customer is or will be accepted by that creditor as an obligor on an existing evidence of debt.” (Code of Fed. Reg., tit, 12, § 226.807[b].)
In the case before me, it appears that the developer and seller, Sandale Development Corp., assisted the plaintiffs in processing the mortgage takeover by supplying them with the bank’s form for an application for mortgage. After the plaintiffs filled out the form, apparently Sandale submitted it to the bank. The bank then sent a letter back to Sandale, dated September 24, 1970, a copy of which is attached to the moving papers, which reads as follows: “ In response to your letter of September 22nd, 1970, you are advised that Mr. and Mrs. Benjamin Reyes meet with our approval as purchasers of the above named premises, in accordance with the terms of the original mortgage.” As mentioned above, the fact of the assumption of the mortgage by the purchasers was recited in the deed. On the same day that title was conveyed to the purchasers, Sandale notified the bank in writing and advised them that the purchasers would be making the mortgage payments from then on. Thus I cannot escape the fact that there was no written agreement signed by the creditor herein, i.e., the bank, accepting the plaintiffs as obligors of the mortgage debt.
Before further comment in this regard, I shall note here that the relief sought by the plaintiffs under the Truth in Lending Act is barred, in any event, by the Statute of Limitations contained in subdivision (e) of section 130 of the act itself (U. S. Code, tit. 15, § 1640, subd. [e]). That section states that an action under the act shall be commenced within one year from the date of the occurrence of the violation. In this case, that date was the date of the transfer of title: October 8,1970.
I am constrained, reluctantly, to conclude that the various elements of relief sought by the plaintiffs against the bank must be denied in all respects. Both the New York usury laws and the Federal Truth in Lending Act were designed to prevent the innocent consumer from being duped into paying 8%% interest on a loan obligation, instead of a lower rate. I respectfully call these circumstances to the attention of the appropriate State and Federal legislators in the hope that such inequities cannot occur in the future. Whether the plaintiffs may have any remedy *328 against the builder is not a question before the court on this application.
The stay contained in the order to show cause previously issued by this court is hereby vacated.