Jones, J.
We hold that the courts should not substitute the so-called "present value” method of computing interest, although arithmetically more precise, for the traditional method of computation in determining whether interest is usurious.
Respondent corporation made a mortgage loan to appellant corporation in the amount of $300,000. Pursuant to the terms of the loan agreement, the lender retained a 13% discount ($39,000) and the borrower agreed to pay interest on the face amount of the mortgage at the rate of 8% per annum, payable in 12 monthly installments of $2,000 each, and then to repay the principal at the expiration of one year. When the borrower failed to make the principal payment, the lender instituted the present foreclosure action. The borrower set up the defense of usury, based on its computations which showed an effective rate of interest in excess of 25% per annum in violation of the statutory proscription applicable to corporate borrowers (General Obligations Law, § 5-521, subds 1, 3; Penal Law, § 190.40). Special Term granted summary judgment to the lender and the Appellate Division affirmed.
Under the traditional method of computing interest, that urged by respondent lender, the rate of interest for purposes of application of the usury statutes would be calculated as follows:
Initial discount $39,000
Annual interest at 8% on $300,000 24,000
Total annual interest received $63,000
or 24.14% on the net advance of $261,000.
Appellant borrower on the other hand urges that the effective rate of interest "received” by the lender is much higher. It argues that in addition to retention of the initial $39,000 discount the lender must also be deemed to have received interest which could have been earned on the amount of the discount for a full year, plus the amount of each $2,000 installment of monthly interest together with interest on each such $2,000 installment from the date of its payment to the end of the year. Schematic illustration of this method of computation would show "interest received” as follows:
*463 Initial discount $39,000
Annual interest at 8% on $300,000 24,000
Interest at, say, 8% on the initial discount 3,120
Interest at, say, 8% on 11 monthly installment payments of $2,000 each for periods varying from one to 11 months 879.78
Total annual "interest” received $66,999.78 or 25.67% on the net advance of $261,000.
Obviously under the traditional method of computation, incremental "receipts” theoretically attributable to interest earnable on the discount or on each of the monthly, installment payments are not taken into account, as they would be under the present value method.
Another arithmetical demonstration of the borrower’s point would be to say that, accurately computed, this lender should have advanced the sum of $261,655.27 if the interest payments made by this borrower were not to exceed an effective 25% rate of interest. The fact that only $261,000 was advanced demonstrates, it is argued, that the effective rate was in excess of 25% and thus usurious.
At the outset it should be recognized that the computational method proposed by the borrower here is arithmetically and economically sound and in application would more precisely reflect realized, or at least realizable, return, thus producing a more accurate effective interest rate. It is used in college courses and text books (e.g., Gordon and Shillinglaw, Accounting, A Management Approach [4th ed], 1969, pp 271-272). The principle has received judicial recognition (e.g., Tuition Plan v Zicari, 70 Misc 2d 918, 922), and legislative attention (e.g., NY Legis Doc 1947, No. 65[M], p 43).
The case law in this area, which is very scarce extending back over more than a century, supports the lender’s traditional method of computing interest rates. (Marvine v Hymers, 12 NY 223; International Bank v Bradley, 19 NY 245; cf. Mowry v Bishop, 5 Paige Ch 98.) In International Bank our court held that interest taken in advance on commercial paper which may actually allow the lender to take in more than the usurious rate because he can reinvest the money during the term of the loan, does not amount to usury. In Marvine, Judge Denio wrote (p 227): "It is well settled that, upon the discounting of commercial paper not having a longer time to run to maturity than the notes and bills which are usually discounted by bankers, interest on the whole amount *464 of principal agreed to be paid at maturity, not exceeding the legal rate, may be taken in advance. It is obvious that in this way the lender, by investing the money thus retained, may realize more than at the legal rate of seven per centum per annum, and if the case were res nova, it would be difficult to sustain the practice. But we are not authorized to. disregard the uniform course of decisions which for a long series of years, have declared it to be legal.” And in International Bank the court had occasion to explain its holding in Marvine (p 254): "This court had occasion to consider this point in the case of Marvine v Hymers (2 Kern [12 NY] 223, 233); and deliberately decided that it is not usury on discounting commercial paper to take interest upon the full amount for which it was made, where it has not longer to run to maturity than is usual with paper discounted by bankers.”
The traditional method which has been used by the courts was summarized by the Appellate Division in Feldman v Kings Highway Sav. Bank (278 App Div 589, 590, affd 303 NY 675) when the court stated: "[S]o long as all payments on account of interest did not aggregate a sum greater than the aggregate of interest that could lawfully have been earned had the debt continued to the earliest maturity date, there would be no usury.”
Compare Bloomer v McInerney (30 Hun 201), in which the Appellate Division, recognizing that computation similar to the "present value” method would produce a usurious rate of interest, construed the mortgage in question to call for payment of interest at no greater than the legal rate.
In Jefferson Credit Corp. v Norrie Hgts. Development Corp. (Sup Ct, Dutchess County, Index No. 448-1971). Mr. Justice Joseph F. Hawkins wrote with respect to the "present value” principle:
"The defendant has interposed the defense of usury. In this connection, two related questions are posed. Firstly, how should the rate of interest be calculated on the charge for the loan for purposes of determining whether it constitutes usury under New York Law? Secondly, since the law is silent on the method of computing the legal rate of interest, should the court adopt the 'Present Value’ formula proposed by defendant as the basis upon which to determine whether usury lies for if applied it would exceed the licit rate. The defendant concedes there is neither statutory nor case law sustaining its proffered 'Present Value’ method.
*465 "Section 190.40 of the Penal Law provides that interest on a loan or forebear anee 'at a ráte exceeding twenty-five percentum per annum or the equivalent rate for a longer or shorter period’ constitutes criminal usury. Correspondingly, § 5-521(3) of the General Obligations Law incorporates and makes applicable by express reference the 25% criterion contained in the Penal Law as the predicate for the defense of usury in a civil action.
"As previously noted, the defendant concedes the rationale and calculations offered by its expert, Dr. Martin Zweig, a professor of Economics, offer what, in law, is a novel approach. These extrapolations and formulae are germane, however, only if such approach is adopted by the court. I, however, am bound by longstanding authority. The legal rate of interest must be derived from and arrived at by traditional arithmetic. However ingenious the conceit, upon the testimony as adduced, I find that the rate of interest is not in excess of the prohibited 25% per annum. As noted in Reisman v Hartman, 51 Misc 2d 393, 396, quoting the language of the Appellate Division’s opinion in Feldman v Kings Highway Sav. Bank, 278 App Div 589, affd 303 NY 675:
" 'Even if it were considered as interest, so long as all payments on account of interest did not aggregate a sum greater than the aggregate of interest that could lawfully have been earned had the debt continued to the earliest maturity date, there would be no usury.’
"I am not unmindful that the present value approach may, under certain circumstances, be employed in charging a jury 'for their guidance, but is not binding’ in arriving at damages in a death action (New York Pattern Jury Instructions, vol 1, p 517 et seq.). This, however, is no justification for using it as a basis for sustaining a defense of usury in an action to foreclose a mortgage.”
The borrower would distinguish Marvine and International Bank (supra) on the ground that they involved short term commercial paper only, and dismisses Bloomer (supra) as an "aberration”. It appears, however, that the argument now advanced by this borrower was made, perhaps in slightly different form, and rejected 120 years ago.[1]
*466 In our analysis, however, the substantive issue is not a question of determining most precisely the rate of return realized by a lender as an abstract matter. Rather the issue is whether a lender has received a return proscribed as usurious by the Legislature. The point at which the return becomes usurious is fixed arbitrarily. It could have been set at 24% or 26%; it was set at 25%. More significant for present purposes, whether the return is usurious is necessarily determined by consideration and application of both a specified rate and a method of computation. Modification of either would produce a different point of proscription. In our opinion the Legislature must be deemed to have set the figure of 25% with full awareness of the traditional method of computing interest and in an expectation that it would continue to be used. For our court now to recognize a new, "present value” method of computation would in effect be to set a new usury level.[2] We see that as a legislative rather than a judicial function.
Accordingly, the order of the Appellate Division should be affirmed, but without costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.

. The borrower concedes that the taking of interest in advance is expressly authorized by the terms of subdivision 1 of section 108 of the Banking Law, but contends, and literally accurately, that this section applies only to banks and trust companies.

. We observe that the issue might be different had the parties themselves agreed on an explicit method of computing interest (cf. Giventer v Arnow, 37 NY2d 305).