LUDWIG HAMMELBURGER et al., Respondents, v FOURSOME INN CORP., Appellant, et al., Defendants.

Second Department, August 25, 1980

### APPEARANCES OF COUNSEL

*Vincent A. G. O'Connor* for appellant.

*Harold Sussman* for respondents.

### OPINION OF THE COURT

WEINSTEIN, J.

On August 30, 1974 the Foursome Inn Corporation, as mortgagor, executed a mortgage with Broadhollow Funding Corp. (BFC) in the principal sum of $35,000. The mortgage was for a three-year term, and carried a per annum interest rate of 24%. Foursome received only $32,900 of the principal sum; the remaining $2,100 was retained as a "commission" by an officer of BFC.

On October 1, 1975, Beatrice Reilly, Foursome's president, executed an estoppel certificate relative to the mortgage, stating that "there are no defenses or offsets to said mortgage, nor to the bond which it secures." There were allegations that Reilly consented to executing the estoppel certificate only due to explicit threats of foreclosure from officers of BFC. In any event, 10 days later BFC assigned the mortgage to the Hammelburgers, plaintiffs herein, and the assignment was duly recorded in the Suffolk County Clerk's office.

Foursome defaulted on its payment of July 30, 1976. Pursuant to the mortgage agreement, the Hammelburgers exercised their right to accelerate the principal sum and interest owed under the mortgage and thereafter instituted the within foreclosure action. Foursome's original answer was essentially a general denial, but subsequent to deposing the officer of BFC with whom the mortgage had been drawn, Foursome moved

for leave to amend its answer to assert the affirmative defense of criminal usury (see Penal Law, § 190.40). The Hammelburgers cross-moved for summary judgment, based on the estoppel certificate. The court denied Foursome's motion and granted the cross motion for summary judgment of foreclosure. A subsequent motion to vacate the judgment, based on allegations of duress in the procurement of the estoppel certificate, was denied in court on November 1, 1979 and the foreclosed property was sold the next day. The closing on the sale was stayed pending this appeal. For the reasons set forth below, and pursuant to our authority under CPLR 3212 (subd [b]), we vacate the judgment and declare the mortgage null and void.

■ The first question to which this court addresses itself is whether the mortgage was usurious as a matter of law. We conclude that it was. The Court of Appeals, in *Band Realty Co. v North Brewster* (37 NY2d 460), reaffirmed the traditional method for calculating the true interest rate of a loan from the principal of which a discount has been retained by the lender. The discount, divided by the number of years in the term of the mortgage, should be added to the amount of interest due in one year, and this sum is compared to the difference between the principal and the discount in order to determine the true interest rate (see, also, *Feldman v Kings Highway Sav. Bank,* 278 App Div 589, affd 303 NY 675). Applying this rule to the case at bar, which involves a three-year mortgage, we add one third of the discount ($700) to the interest over the first year (24% of $35,000, or $8,400), arriving at a sum of $9,100. Comparing this to the difference between the principal and the discount retained by BFC (i.e., $32,900), we find that the true interest rate was 27.7% per annum, clearly in excess of the legally permissible maximum of 25% as set forth in section 190.40 of the Penal Law. Accordingly, we hold that the mortgage herein was, as a matter of law, criminally usurious.

Having reached the initial determination that the mortgage which is the subject of this action was executed on terms prohibited by the Penal Law of this State, we now are confronted with the central issue of this appeal: whether the estoppel certificate executed by Foursome operates to prevent it from raising the defense of illegality in this action.[1] We

---

1. Although corporations normally cannot assert the defense of civil usury (see General Obligations Law, § 5-521, subd 1), it is otherwise in the case of criminal usury (see General Obligations Law, § 5-521, subd 3).

approach this issue initially without regard to the allegations that the certificate was the product of duress.

■ It has long been held that when a mortgagor executes and delivers a declaration that no claims or defenses lie against the mortgage, the mortgagor is estopped from interposing any defense, including one of usury, against the mortgage (see *Union Dime Sav. Inst. of City of N. Y. v Wilmot,* 94 NY 221; *Bennis v Thomas,* 14 AD2d 895; *Sperling v Babian,* 227 App Div 53; *J & A Corp. v Cass,* 238 App Div 864). However, *Union Dime (supra)* and its progeny have all involved cases of civil usury. Our attention has not been called to, nor has our research revealed, any case in this State which has addressed the issue of whether a mortgagor may be estopped from raising the defense of criminal usury in a situation such as the one before the court.

There is a fundamental dichotomy between rights which are personal in nature, benefiting each member of society individually and discreetly, and those which exist for the protection of society in general. It is well settled that a party may waive a rule of law, a statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right which is involved, and no considerations of public policy come into play (see *Sentenis v Ladew,* 140 NY 463). Indeed, it is pursuant to precisely this reasoning that parties have been deemed to waive the defense of civil usury when executing estoppel certificates (see *Union Dime Sav. Inst. of City of N. Y. v Wilmot, supra; Reyes v Carver Fed. Sav. & Loan Assn.,* 74 Misc 2d 323). But when a right has been created for the betterment or protection of society as a whole, an individual is incapable of waiving that right; it is not his to waive (see *Parthey v Beyer,* 228 App Div 308; *Sturm v Truby,* 245 App Div 357). As was stated in *Euclid Holding Co. v Schulte* (153 Misc 455, 460, revd on other grounds 153 Misc 832, affd 245 App Div 708), "[t]he doctrine of estoppel or waiver cannot be invoked when the law violated is not purely a matter of private right, but one which is aimed to protect the public." In the context of criminal statutes, which are invariably created for the good of society in general, there thus exists the principle that one cannot consent to be the victim of a crime.

It is not difficult to ascertain that the criminal usury statutes fall within the class of rules created for the protection of society as a whole. They were enacted in an effort to protect

the public from loansharking (see L 1965, ch 328; NY Legis Ann, 1965, pp 509-510), "one of the most heinous, virtually bloodsucking, criminal activities of all times" *(People v Fernandez,* 93 Misc 2d 127, 129). Accordingly, it would seem to follow that a party cannot waive his right to be protected from criminally usurious loans. This right is not personal to the borrower, so as to be waivable by it. Rather, the right exists for the benefit of everyone.

Such a conclusion is buttressed by the Court of Appeals' decision in *People v Young* (207 NY 522), where it was held that the restitution provisions available to protect civil usurers from forfeiture are not available to shield criminal usurers from prosecution. The State's highest court was of the view that criminal usury is a sufficiently grievous offense that persons guilty thereof should not be permitted to avoid appropriate sanctions for its violation (see, also, *Schwartz v Userowitz,* 56 Misc 2d 1016, affd 31 AD2d 1010). It is but a small step further to hold that if criminal usurers cannot escape sanction by their own restitution, neither should they avoid penalty merely because their victim consented to be victimized.

We take that small step forward today. We hold that a defense of criminal usury may be asserted by a mortgagor against a mortgagee, or its successor in interest, notwithstanding the existence of an estoppel certificate previously executed by the mortgagor.[2] We note that this holding renders it unnecessary to discuss Foursome's contention that the estoppel certificate was void on account of duress. Accordingly, since, for reasons set forth above, we have found the mortgage herein to be criminally usurious, we declare the mortgage void as a matter of law.

■ If BFC, the original mortgagee, were the plaintiff in this action, nothing further would remain to be said. However, we are mindful of the fact that it is BFC's assignees, the Hammelburgers, who are the plaintiffs herein. There appears to be a factual issue as to whether the Hammelburgers relied on the estoppel certificate in good faith; we note that since the mortgage carried a 24% interest rate on its face, the Hammelburgers might not have been aware of the usurious nature of the mortgage when they were assigned it by BFC. Nonetheless, the fact remains that the mortgage was illegal, and hence

---

2. As a practical matter, this holding is mandated by the fact that loan sharks can coerce their victims to sign estoppel certificates just as easily as they can coerce them to pay outrageous rates of interest.

void. Such being the case, the mortgage was void *ab initio,* and could not effectively be assigned to the Hammelburgers. The Hammelburgers' remedy, assuming they are entitled to one under the facts herein (and we have no opinion as to this question), apparently is against their assignor, BFC.

The orders should be reversed, on the law, the motion to vacate granted, the mortgage declared void and the complaint dismissed.

HOPKINS, J. P., LAZER, GIBBONS and GULOTTA, JJ., concur.

Two orders of the Supreme Court, Suffolk County, entered May 15, 1979 and November 9, 1979, respectively, reversed, on the law, with one bill of $50 costs and disbursements, motion to vacate granted, motion to amend the answer of defendant Foursome Inn Corp. granted, cross motion of plaintiffs for summary judgment denied. The mortgage in question is declared void and defendant Foursome Inn Corp. is awarded judgment dismissing the complaint.