■ ZIPORA KARAS et al., Appellants, v ESTHER SHUR et al., Defendants and Third-Party Plaintiffs-Respondents. NOACH KARAS et al., Third-Party Defendants-Respondents.—In consolidated actions, *inter alia,* to set aside a mortgage, the plaintiffs Zipora Karas and Deborah Karas Ben Ezra, individually and doing business as 4711 Associates, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated July 10, 1990, as denied their motion for summary judgment. The plaintiffs were subsequently granted summary judgment by an order of the same court, dated December 20, 1990.

■ ZIPORA KARAS et al., Respondents, v ESTHER SHUR et al., Defendants and Third-Party Plaintiffs-Appellants. NOACH KARAS et al., Third-Party Defendants-Respondents.—In consolidated actions, *inter alia,* to set aside a mortgage, the defendants Esther Shur, Phil Weingarten, Esel Associates and The First Women's Bank, also known as The First New York Bank For Business, appeal (1) from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated December 20, 1990, as denied their motion for a protective order and granted the plaintiffs' cross motion for summary judgment, and (2) from an order of the same court, dated March 25, 1991, which denied their motion to "renew and reargue".

Ordered that the appeal from the order dated March 25, 1991, is dismissed; and it is further,

Ordered that the order dated December 20, 1990 is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs-respondents are awarded one bill of costs.

In support of their motion for summary judgment, the plaintiffs established that their property was subject to a mortgage held by the defendants Esther Shur and Phil Weingarten. The mortgage secured a note of $225,000 which, by its terms, was subject to an annual interest rate of 16%. The plaintiffs additionally established that the defendants had only advanced $213,750 in loan proceeds. The plaintiffs therefore established, prima facie, that the loan was usurious *(see,* General Obligations Law §§ 5-501, 5-511; *Band Realty Co. v North Brewster, Inc.,* 37 NY2d 460). The defendant Shur's bald conclusory assertion that "[a]ny deductions made from the advance * * * were for application fees, appraisal fees and legal fees" is totally unsupported by evidentiary proof in the record and is expressly contradicted by an affirmation of the attorney who represented the defendants at the mortgage closing. Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *cf., Hammelburger v Foursome Inn Corp.,* 76 AD2d 646, *mod* 54 NY2d 580).

After the Supreme Court granted the plaintiffs' motion, the defendants moved to "renew and reargue". The defendants' motion was, in part, supported by documentary evidence that they did not submit in opposition to the plaintiffs' original motion. Because the defendants offered no excuse for their failure to come forward with this evidence on the original motion, their motion was, in fact, for reargument only. The denial of such a motion is not appealable and, accordingly, the appeal from the order dated March 25, 1991, is dismissed *(see, Jacondino v Lovis,* 186 AD2d 109; *Wavecrest Apts. Corp. v Jarmain,* 183 AD2d 711).

We have considered the parties' remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Ritter and Santucci, JJ., concur.