■ DAVID SHIFER, Appellant, v AGIM KELMENDI, Respondent, et al., Defendants. [611 NYS2d 575] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated February 20, 1992, which granted the respondent's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the respondent's motion is denied, and the plaintiff's cross motion is granted.

The respondent, Agim Kelmendi, was introduced to the appellant, David Shifer, for the purpose of obtaining a loan. The appellant made the loan to the respondent's corporation, Red Eagle Car Service, Inc. for one year for the principal sum of $60,000. The promissory note was signed by the respondent, as President of the corporation. The interest rate was 18% per annum, to be paid in advance, simultaneously with the execution of the note. The note was accompanied by a personal

guarantee by the respondent and a mortgage on his home issued by the respondent to the appellant. Upon the respondent's default, the appellant commenced the instant action to foreclose the mortgage securing the loan. The respondent interposed the defense of criminal usury and subsequently moved for summary judgment on that ground. The plaintiff cross-moved for summary judgment. The Supreme Court, purportedly using the "traditional method" of computation mandated in *Band Realty Co. v North Brewster* (37 NY2d 460), computed the effective rate of interest as 26.58%, using the following calculations:

| | |
|---|---|
| Total interest prepaid + points | $12,600 |
| Divided by net received | 47,400 |
| Interest Rate | 26.58% |

Thus, the Supreme Court calculated the net sum received by the appellant (i.e., the net sum advanced to the appellant by the respondent) by subtracting from the face value of the loan (i.e., $60,000) $12,600, which was the sum of the prepaid interest ($10,800) and the initial discount (i.e., the "points", which were $1,800). This resulted in a net sum of $47,400. The court divided $12,600 by $47,400, and arrived at an interest rate of 26.58%. The court therefore found the loan criminally usurious and void *ab initio*. However, in *Band Realty Co. v North Brewster (supra)*, the Court of Appeals calculated the effective rate of interest for the purpose of the affirmative defense of criminal usury utilizing the "traditional method" of computation *(Band Realty Co. v North Brewster, supra,* at 462). The loan in that case was for $300,000. The lender retained a 13% discount (i.e., "points") of $39,000. The borrower agreed to pay interest on the face amount of the loan of 8% per annum. The court computed the interest in that case as follows:

| | |
|---|---|
| Initial Discount | $39,000 |
| Annual interest at 8% on $300,000 | 24,000 |
| Total annual interest received | $63,000 |
| or 24.14% on the net advance of $261,000. | |

Thus, it is apparent that the net advance is to be calculated by deducting the initial discount, but not the prepaid interest, from the loan amount *(see also, Hammelburger v Foursome Inn Corp.,* 54 NY2d 580, 594, n 5; *Ludlum Corp. Pension Plan Trust v Matty's Superservice,* 156 AD2d 339, 341). At bar, the effective interest rate on the subject loan is computed as follows:

| Net Advance | $58,200 ($60,000 - $1,800) |
|---|---|

| | |
|---|---|
| Initial discount | $1,800 |
| Annual interest at 18% | 10,800 |
| Total Annual Interest | $12,600 |
| Divided by net advance | 58,200 |

| | |
|---|---|
| Effective interest rate | 21.65% |

Therefore, the correct effective interest rate is below the 25% limit set forth in Penal Law § 190.40 and cannot support a finding of criminal usury *(see,* General Obligations Law § 5-521 [3]). Since neither a corporation nor a guarantor of a corporate loan can assert the defense of civil usury *(see,* General Obligations Law § 5-521 [1]) unless the loan was made to the guarantor as an individual to discharge personal indebtedness *(see, Schneider v Phelps,* 41 NY2d 238, 242; *First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900), the appellant's motion for summary judgment in foreclosure must be granted.

In light of the above, we decline to reach the other issues raised on this appeal. Thompson, J. P., Balletta, Pizzuto and Joy, JJ., concur.