# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 29, 2015                     518999
_____

LEON MARTELL,

                    Respondent,

        v

                                          MEMORANDUM AND ORDER

RALPH DRAKE,

                    Appellant,
                    et al.,
                    Defendants.

_____

Calendar Date:  November 13, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Egan Jr., JJ.

_____

        Waite & Associates, PC, Albany (Stephen J. Waite of
counsel), for appellant.

        Parisi, Coan & Saccocio, PLLC, Schenectady (Kimberly C.
Thomas of counsel), for respondent.

_____

Rose, J.

        Appeal from two orders of the Supreme Court (Teresi, J.),
entered July 24, 2013 and August 7, 2013 in Albany County, which,
among other things, partially granted plaintiff's motion for,
among other things, summary judgment against defendant Ralph
Drake.

        Defendant Ralph Drake (hereinafter defendant) entered into
a loan agreement with plaintiff secured by a mortgage on real
property in the Town of Colonie, Albany County.  Pursuant to the
terms of the loan, defendant received $125,000 payable in one
year with an interest rate of 15%.  Half the annual interest —
$9,375 — was paid at the time of the loan and the other half was

due at the end of the one-year term.  Plaintiff commenced this action to foreclose the mortgage after defendant defaulted on the loan.  After joinder of issue, plaintiff moved for summary judgment.  Supreme Court rejected defendant's affirmative defense of usury and granted the motion.  Defendant now appeals, arguing only that the loan was usurious.

The defense of usury requires clear and convincing evidence of a loan given with the intent to take interest in excess of the legal rate (see Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc., 105 AD3d 178, 183 [2013]; Feinberg v Old Vestal Rd. Assoc., 157 AD2d 1002, 1004 [1990]).  As relevant here, a loan is usurious if the annual interest rate exceeds 16% (see General Obligations Law § 5-501 [1]; Banking Law § 14-a [1]).  Defendant bases his claim of usury on his advanced interest payment, claiming that the annual interest rate should be calculated by dividing the total annual interest, $18,750, by the total received at closing, $115,625, resulting in an annual interest rate of 16.2%.  However, the Court of Appeals has held that "interest on the whole amount of principal agreed to be paid at maturity, not exceeding the legal rate, may be taken in advance" (Band Realty Co. v North Brewster, Inc., 37 NY2d 460, 463-464 [1975]; see Shifer v Kelmendi, 204 AD2d 300, 301 [1994], lv dismissed 84 NY2d 978 [1994]).  Thus, under the traditional method of computation as set forth in Band, the prepaid interest is not deducted from the face amount of the loan and defendant was charged a legal rate of 15% interest (see Band Realty Co. v North Brewster, Inc., 37 NY2d at 464; Shifer v Kelmendi, 204 AD2d at 301).  Defendant's contention that the late charges incurred after the default should also be included in the calculation of interest is unavailing, because "[t]he defense of usury does not apply where the terms of a promissory note impose a rate of interest in excess of the statutory maximum only after maturity of the note" (Klapper v Integrated Agric. Mgt. Co., 149 AD2d 765, 767 [1989]; see Seashells, Inc. v Bridge Art Prods., 172 AD2d 353, 354 [1991]).

Peters, P.J., Lahtinen, Garry and Egan Jr., JJ., concur.

ORDERED that the orders are affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court