# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1011**
**CA 16-00356**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

MEHMET CANAL, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ABDULAZIZ MUNASSAR, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

PIRRELLO, PERSONTE & FEDER, ROCHESTER (STEVEN E. FEDER OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

LAFAY, BYRNE & LAFAY, P.C., ROCHESTER (ANTHONY P. LAFAY OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (John M. Owens, A.J.), entered July 29, 2015. The order denied the motion of plaintiff for partial summary judgment and granted the cross motion of defendant Abdulaziz Munassar for summary judgment dismissing the amended complaint against him.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion, reinstating the amended complaint against defendant Abdulaziz Munassar, granting the motion in part and dismissing the defense and counterclaim of that defendant for usury, and as modified the order is affirmed without costs.

Memorandum:  Abdulaziz Munassar (defendant) borrowed $127,000 from plaintiff for the purchase of a residence in the Town of Greece. The loan was secured by a mortgage on the property, and the total on both the note and the mortgage was $170,000. The note states that the interest rate during the term of the note would be "zero (0.00%) because of the religious beliefs and requirements of Borrower." The difference of $43,000 between the principal set forth in the note and mortgage of $170,000 and the amount disbursed at closing of $127,000 was stipulated by the parties to be "in the nature of interest." In June 2013, approximately one year later, defendant defaulted on the loan by failing to make the required monthly and balloon payments, and plaintiff commenced this foreclosure action. In his answer to the amended complaint, defendant asserted a defense and counterclaim for usury. Plaintiff moved for partial summary judgment seeking, inter alia, dismissal of the usury defense and counterclaim, and defendant cross-moved for summary judgment dismissing the amended complaint against him based upon the defense of usury. The matter was referred to a judicial hearing officer (JHO) for a hearing on the issue of

usury only.  Following the hearing, the JHO issued a bench decision finding that the interest rate was 50.5% and that the loan was therefore usurious, and Supreme Court granted defendant's cross motion for summary judgment dismissing the amended complaint against him.  We conclude that the court erred in granting the cross motion and instead should have granted that part of plaintiff's motion for partial summary judgment dismissing defendant's usury defense and counterclaim.  We therefore modify the order accordingly.

In determining whether the interest charged exceeded the usury limit, courts must apply the traditional method for calculating the effective interest rate as set forth in *Band Realty Co. v North Brewster, Inc.* (37 NY2d 460, 462, *rearg denied* 37 NY2d 937; *see Oliveto Holdings, Inc. v Rattenni*, 110 AD3d 969, 972).  According to that method, "[s]o long as all payments on account of interest did not aggregate a sum greater than the aggregate of interest that could lawfully have been earned had the debt continued to the earliest maturity date, there would be no usury" (*Band Realty Co.*, 37 NY2d at 464 [internal quotation marks omitted]).  In applying the traditional formula, "[t]he discount, divided by the number of years in the term of the mortgage, should be added to the amount of interest due in one year, and this sum is compared to the difference between the principal and the discount in order to determine the true interest rate" (*Hammelburger v Foursome Inn Corp.*, 76 AD2d 646, 648, *mod on other grounds* 54 NY2d 580).

Applying that formula to the case at bar, which involves a five-year mortgage of $170,000 with a $43,000 "discount" with no additional interest, we add $8,600, which is one-fifth of the discount, to the interest over the first year (0%), arriving at a sum of $8,600.  Comparing the $8,600 figure to the difference between the principal and the discount retained by plaintiff, i.e., $127,000, the interest rate was 6.77% per annum.  That interest rate is well below the civil usury rate of 16% per annum (*see* General Obligations Law § 5-501 [1]; Banking Law § 14-a [1]).

Defendant attempts to base his claim of usury on his advanced interest payment, asserting that the annual interest rate should be calculated by dividing the total interest to be received over the five-year period, $43,000, by the total received at closing, $127,000, resulting in an annual interest rate of 33.8%.  Defendant's argument is unavailing, however, inasmuch as "the Court of Appeals has held that 'interest on the whole amount of principal agreed to be paid at maturity, not exceeding the legal rate, may be taken in advance' " (*Martell v Drake*, 124 AD3d 1200, 1201, quoting *Band Realty Co.*, 37 NY2d at 463-464).  Moreover, defendant's argument fails to account for the fact that the loan here, unlike the one-year term at issue in *Band Realty Co.*, *Martell* and *Oliveto*, is for a term of five years.

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court