Goldberger v Magid (2023 NY Slip Op 00726)

Goldberger v Magid

2023 NY Slip Op 00726

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Kern, J.P., Singh, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 652404/14 Appeal No. 17272 Case No. 2022-00252 

[*1]Judy Goldberger, Plaintiff-Appellant-Respondent,
v
Ilya Magid, Defendant-Respondent-Appellant, Flora Magid, Defendant-Respondent.

Heller, Horowitz & Feit, P.C., New York (Jeremy Rosenberg of counsel), for appellant-respondent.
Daniel Rothstein, Brooklyn, for respondent-appellant/respondent.

Judgment, Supreme Court, New York County (Alexander M. Tisch, J.), entered July 30, 2021, in favor of plaintiff against defendant Ilya Magid in the principal amount of $143,803.89, plus statutory interest, and dismissing the complaint against defendant Flora Magid, unanimously modified, on the law, the judgment vacated, the complaint dismissed as against Ilya Magid, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint in its entirety.
Although the promissory note that plaintiff sought to enforce required fifteen percent annual interest on alleged principal of $300,000, testimony at trial established that defendant received only $150,000 of the proceeds, minus adjustments. The monthly interest of $3,750 multiplied by 12 amounts to annual interest of $45,000, which is thirty percent of the effective principal of $149,320 (Band Realty Co. v North Brewster, Inc., 37 NY2d 460, 463 [1975]). Since annual interest above twenty-five percent is criminal usury (Penal Law § 190.40), the promissory note is criminally usurious (see Babinsky v Skidanov, 12 AD3d 271 [1st Dept 2004] ["an issue of fact as to criminal usurious intent is raised by the unexplained discrepancy between the amount stated on the note and the substantially lesser amount that defendant claims to have received from plaintiff"]; Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc., 2011 NY Slip Op 33872[U], *6 [Sup Ct, NY County 2011] [criminal usury where borrower "received proceeds in the amount of $805,000 but was charged interest at an annual rate of 12 percent on $1,130,000], affd 105 AD3d 178 [1st Dept 2013] [finding the same calculation as criminally usurious]). As a result, the note was void ab initio and could not be reformed by reducing the interest rate from fifteen percent to nine percent (see Adar Bays, LLC v GeneSYS ID, Inc., 37 NY3d 320, 323-324 [2021]; Blue Wolf Capital, 105 AD3d at 184).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023