OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, for summary judgment dismissing the plaintiff’s, Martha I. Parr, complaint and granting summary judgment on the counterclaims is granted to the extent that *915 dismissal of the complaint is sought, and denied to the extent that summary judgment on the counterclaims is sought.
This is an action commenced by the plaintiff, Martha I. Parr, for a judgment declaring null and void the liens claimed by the several defendants herein. The defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, have interposed three counterclaims declaring the validity of three liens by virtue of the doctrine of equitable subrogation.
The defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, have moved for summary judgment dismissing the complaint and granting their counterclaims.
The current action is rooted in the plaintiff’s, Martha I. Parr, grant of her power of attorney to her son, William C. Parr. By a statutory short form power of attorney recorded in the County Clerk’s office in January 1973, the plaintiff, Martha I. Parr, designated her son, William C. Parr, to act as her attorney-in-fact for all matters listed on the statutory form which includes real estate transactions. Pursuant to this power of attorney, William C. Parr, according to the plaintiff, Martha I. Parr, used his powers for his own benefit including the withdrawal of money from the plaintiff’s, Martha I. Parr, bank accounts and the execution of mortgages against plaintiff’s, Martha I. Parr, property. Upon discovery of this conduct, asserts the plaintiff, Martha I. Parr, she executed a revocation of the power of attorney on October 13, 1983 which was recorded in the Suffolk County Clerk’s office on October 17, 1983. Thereafter, on December 23, 1983 the several defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, loaned William C. Parr & Associates, Inc. $125,000 at the request of William C. Parr. The proceeds of this loan were used to satisfy and discharge existing mortgages on the plaintiff’s, Martha I. Parr, property which, according to the plaintiff, Martha I. Parr, had been given by her son, William C. Parr, without her knowledge or consent, to secure loans given for the benefit of William C. Parr and his company, William C. Parr & Associates, Inc. A mortgage was given to the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill.
Although it is not disputed that the revocation of William C. Parr’s power of attorney had been executed and filed by the *916 plaintiff, Martha I. Parr, prior to the December 23, 1983 transaction, the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, assert that they need not prove the validity of their mortgage to enjoy the protection of liens against the plaintiff’s, Martha I. Parr, property. Rather, they assert that they have become subrogated to the position of the lienors whose mortgages were satisfied from the proceeds of their loan.
Notwithstanding the recording of the revocation of the power of attorney, it is asserted in the moving affidavit of Samuel D. Brill, sworn to on June 3, 1986, that at the closing of the loan "[plaintiff’s son provided defendants with a copy of the power of attorney and he executed two affidavits swearing that he was still plaintiff’s attorney-in-fact pursuant to the power of attorney * * * Defendants were also provided with an affidavit which appeared to be signed by plaintiff in which she approved of the Loan and Mortgage.” Copies of these documents are attached as exhibits to the papers before the court.
In defense of the current motion the plaintiff, Martha I. Parr, asserts the invalidity of the prior mortgages which were satisfied from the proceeds of the defendants’, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, loan and thus the invalidity of the claim that the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, could be subrogated to the rights of the prior mortgagees.
The plaintiff’s, Martha I. Parr, contention that the mortgages are invalid because the proceeds of the loans did not go to her benefit must, however, be rejected since a mortgage may be given to secure the debt of a third party and is not invalid on this ground. (38 NY Jur, Mortgages and Deeds of Trust, § 51.)
The plaintiff, Martha I. Parr, also relies on the fact that her revocation of the power of attorney was filed prior to the closing on December 23, 1983 involving the defendants, contending that she is not bound by the acts of William C. Parr, who acted without authority.
Whether or not the plaintiffs, Martha I. Parr, revocation of the power of attorney granted to her son, William C. Parr, was effective as against the defendants, Robert Reiner, Harold *917 Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, is the key issue.
The defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, have argued that the ineffectiveness of the revocation of the power of attorney with respect to them establishes their position as the equitable subrogees of the prior lienors who were repaid from the proceeds of their loan.
Certainly, if they acted in good faith and at the request of the debtor, and not as officious volunteers, in providing the funds to discharge the prior lien, the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, could be equitably subrogated to the rights of the prior lienors. (See, 23 NY Jur 2d, Contribution, Indemnity, and Subrogation, §§ 28, 31, 33.)
Thus, if the agency of William C. Parr on behalf of the plaintiff, Martha I. Parr, remained effective with respect to the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, on December 23, 1983 the defendants’, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, conduct in making payments at the request of the plaintiff’s, Martha I. Parr, agent which were used to satisfy the debts owed to the prior lienors could not be characterized as officious.
The court notes two flaws in the defendants’, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, theory upon this summary judgment motion, however. First, these defendants assert that their claim to equitable subrogation is supported by King v Pelkofski (20 NY2d 326, 333-334) in which the Court of Appeals stated the principle that: " 'Where property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder.’ (Restatement, Restitution, § 162.) This principle has been applied to situations, such as the one at bar, where the funds of a mortgagee are used to satisfy the lien of an existing, known incumbrance when, unbeknown to the mortgagee, another lien on the property exists which is senior to his but junior to the one satisfied with his funds. In order to avoid the unjust *918 enrichment of the intervening, unknown lienor, the mortgagee is entitled to be subrogated to the rights of the senior incumbrance”.
This case does not involve such a situation. Here the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, loaned money and took a mortgage to secure the loan. No claim of senior, unknown mortgagees is made.
But even more significant is the fact that the proof that the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, did not act officiously because the revocation of the power of attorney was ineffective against them, which is an argument in support of the defendants’, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, equitable subrogation theory, is also proof which supports the validity of the mortgage held by the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill. Thus, if the revocation of the power of attorney is ineffective against these defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, there is no basis upon which to question the validity of the mortgage which they hold and it is unnecessary to resort to equitable subrogation to protect their rights.
Turning then to the question of whether the revocation of the power of attorney was effective against the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, the general rule is set forth in 2 NY Jur 2d, Agency and Independent Contractors, § 42:
"The revocation of an agent’s authority will not affect the validity of transactions with persons who, without notice of the revocation, continue in good faith to deal with him as agent. Thus, so far as third persons are concerned, the principal, as a rule, may revoke the authority of his agent at any time, but the acts of an agent after his authority has been revoked may bind a principal as against third persons who, in the absence of notice of the revocation of the agent’s authority, rely upon its continued existence. One who has dealt with an agent in a matter within the agent’s authority has a right to assume, if not otherwise informed, that the authority continues; and, unless notice of revocation is brought home to *919 him, the principal is bound by dealings after the authority is revoked. The general rule is that the acts of an agent, within the apparent scope of his authority, are binding on the principal as against one who had formerly dealt with him through the agent and had no notice of the revocation. This rule has been applied in several cases to purchasing agents.
"The rule requiring notice of the revocation of an agency to be given to third persons is not limited in its operation to persons who have dealt with the agent before the attempted revocation. In the absence of any notice of the revocation of an agency, the principal may be held liable to third persons who never dealt with the agent previous to the revocation, if they, in common with the public at large, are justified in believing that such agency continues to exist. Thus, a principal is bound by the acts of his agent within the limits of his apparent authority until notice of the revocation of the agency and authority has been made reasonably public * * *
"The notice necessary to make revocation of an agency effective as to third persons does not, as a general rule, have to be in any particular form. Such notice may be shown by a written or oral communication from the principal or the agent, or it may be indicated by circumstances and a course of dealing which are incompatible with a want of knowledge of such revocation.” (Footnotes omitted.)
In this case there are additional considerations with regard to the question of notice. Since the power of attorney pursuant to which William C. Parr derived his agent’s powers was recorded, Real Property Law § 326 is relevant. This section provides: "A power of attorney or other instrument, recorded pursuant to this article, is not deemed revoked by any act of the party by whom it was executed, unless the instrument containing such revocation is also recorded in the same office in which the instrument containing the power was recorded.”
In this case, it is undisputed that the revocation of the subject power of attorney was recorded and, thus, there has been compliance with this section.
The next question to be answered is whether, as a matter of law, such filing is effective even if third persons who have dealt with the agent do not have actual knowledge that such agency has been terminated by the principal.
The court has discovered no authority which provides an interpretation of Real Property Law § 326. Nevertheless, whatever effect a filing of a revocation of a power of attorney *920 might otherwise have, there is an additional factor to consider in this case.
Although not included in the statute (General Obligations Law § 5-1501), when the power of attorney form was executed in 1973 in this case the said power of attorney form on file which granted to William C. Parr the power of attorney for the plaintiff, Martha I. Parr, contained the following paragraph "Third”: "To induce any third party to act hereunder, I hereby agree that any third party receiving a duly executed copy or facsimile of this instrument may act hereunder, and that revocation or termination hereof by operation of law or otherwise shall be ineffective as to such third party unless and until actual notice or knowledge of such revocation shall have been received by such third party, and I for myself and for my heirs, executors, legal representatives and assigns, hereby agree to indemnify and hold harmless any such third party from and against any and all claims that may arise against such third party by reason of such third party having relied on the provisions of this instrument.”
While this language was not a part of the statutory form in January 1973 when the plaintiff, Martha I. Parr, executed the power of attorney, such language, by amendment of General Obligations Law § 5-1501 (1) (L 1986, ch 215, § 1) has been adopted as a part of the statutory form. Although the amendment is to be effective "on the ninetieth day after it shall have become a law” (L 1986, ch 215, § 3)* the Legislature’s adoption of such language as part of the statutory form suggests that where the language has been added by the principal prior to the statutory amendment there is no reason to doubt that it should be given full force and effect.
The documentary evidence supplied by the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, establishes that at the closing they lacked actual notice or knowledge of the revocation of the power of attorney. The conclusion to be reached based upon the documents provided to the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, at the December 23, 1983 closing, which included a document dated December 19, 1983 purporting to reflect the plaintiff’s, Martha I. Parr, consent to the transaction, and sworn statements from William C. Parr attesting to his continuing authority to act on *921 behalf of the plaintiff, Martha I. Parr, is that William C. Parr may have perpetrated a fraud upon the plaintiff, Martha I. Parr, and the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, as well and that the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, had no actual knowledge or notice with respect to the revocation of the power of attorney.
Thus, to the extent that the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, seek summary judgment dismissing the plaintiff’s, Martha I. Parr, complaint the motion is granted since the mortgage held by the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, must be deemed valid. To the extent that the defendants, Robert Reiner, Harold Robinowitz, Elayne Friedman, Bernard Hoch, Regency Associates and Samuel D. Brill, seek summary judgment on their counterclaims for equitable subrogation the motion for summary judgment is denied.

 The bill was approved on June 23,1986.