■ MARTHA I. PARR, Appellant-Respondent, v ROBERT REINER et al., Respondents-Appellants.—In an action, *inter alia,* to bar the defendants and any persons claiming under them from asserting a lien against the plaintiff's real property, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Luciano, J.), entered September 30, 1986, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, and the defendants cross-appeal from so much of the same order as denied

that branch of their motion which was for summary judgment on their counterclaims.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On January 23, 1973, the plaintiff Martha I. Parr executed a power of attorney naming her son William C. Parr as her attorney-in-fact. The power of attorney conferred upon William the authority to manage the plaintiff's real property, bank accounts and to enter into transactions with respect thereto. The instrument further provided: "Third: To induce any third party to act hereunder, I hereby agree that any third party receiving a duly executed copy or facsimile of this instrument may act hereunder, and that revocation or termination hereof by operation of law or otherwise shall be ineffective as to such third party unless and until actual notice or knowledge of such revocation shall have been received by such third party, and I for myself and for my heirs, executors, legal representatives and assigns, hereby agree to indemnify and hold harmless any such third party from and against any and all claims that may arise against such third party by reason of such third party having relied on the provisions of this instrument".

In reliance upon the power of attorney, the defendants herein loaned William Parr the sum of $125,000 and received, as security for the loan, a mortgage on the plaintiff's property. To induce the defendants to act under the power of attorney, William Parr had also presented them with a duly executed affidavit which attested to the validity of his powers. This affidavit stated, *inter alia,* that he had "no actual knowledge or actual notice of revocation or termination of the aforesaid power [and that] the said power of attorney is still in force and effect". In addition thereto, William Parr submitted to the defendants a notarized memorandum, bearing the signature of Martha I. Parr, which stated, in pertinent part: "This is to acknowledge the fact that I, MARTHA I. PARR, am fully informed on the financial transaction involving a first mortgage loan of $125,000 on my property * * *. My son, and only heir, WILLIAM C. PARR, is acting under a Power-of-Attorney * * * which is in full force and effect".

Although the authenticity of this document had not been

challenged, the plaintiff, nevertheless, commenced the instant action. Her primary claim is that the power of attorney had been revoked prior to the execution of the mortgage and that William, therefore, had no authority to use her property to secure the $125,000 loan.

The defendants, however, allege that the power of attorney should be given full force and effect since they had not received actual notice of its revocation. We find merit to this contention.

The power of attorney executed by the plaintiff expressly provided that actual notice or knowledge of the revocation would be the sole means of terminating the powers conferred upon the agent. The defendants were entitled to rely upon the unambiguous terms contained in this instrument. The recordation by the plaintiff of an instrument revoking the power of attorney merely constituted constructive notice and, as such, was an insufficient method by which to revoke the broad powers granted to her son. Since the defendants established that they lacked actual notice or knowledge of the revocation, the documentation upon which they relied, to wit, the power of attorney, the affidavit executed by William Parr, and the memorandum signed by Martha I. Parr, should be given full force and effect, and the order should be affirmed insofar as appealed from. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur. [See, 133 Misc 2d 914.]