■ JOYCE YABKOW, Respondent, v MILTON YABKOW et al., Defendants, and BANK OF AMERICA, N.A., Appellant. [933 NYS2d 105]—

On October 17, 2000, the plaintiff executed a durable general power of attorney appointing her now former husband Milton Yabkow (hereinafter Yabkow) as her attorney-in-fact. The power of attorney expressly provided that a third party was entitled to rely on the document until that party had actual notice or knowledge of the revocation. Thereafter, unbeknownst to the plaintiff, Yabkow applied to the defendant Bank of America, N.A. (hereinafter the defendant Bank), for a home equity line of credit to be secured by a mortgage on marital property. His application was approved and, on April 13, 2006, he obtained a home equity credit line in the sum of $192,700. Approximately two years later, Yabkow left the plaintiff and allegedly took a portion of the loan money.

In a verified complaint filed on December 16, 2008, the plaintiff alleged that she had not been present at the closing and that she had not known of the home equity line of credit. She asserted that the defendant Bank "was negligent and failed to exercise due care in permitting Milton Yabkow to close on the Home Equity Loan in the absence of plaintiff and without plaintiff's authorization." The Supreme Court denied the defendant Bank's motion for summary judgment dismissing the complaint insofar as asserted against it. We reverse.

The defendant Bank demonstrated, prima facie, that in granting Yabkow the loan, it relied on a valid durable power of attorney signed by the plaintiff which had never been revoked (*see Parr v Reiner*, 143 AD2d 427 [1988]). In opposition to the defendant Bank's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]).

Accordingly, the Supreme Court should have granted the defendant Bank's motion for summary judgment. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.