OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified to reinstate the complaint except as to the sixth, seventh and eighth causes of actions which have been dismissed, and, as so modified, affirmed, with costs. Where factual allegations are discerned which, taken together, manifest a cause of action cognizable at law, a motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 1, 7) should be denied. (Guggenheimer v Ginzburg, 43 NY2d 268, 275; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C3211:24.) We agree with the Appellate Division that the complaint states a good cause of action by denying Nicholas Neu’s actual authority to execute the agreement, mortgage and guarantee.
However, it was error for the Appellate Division to hold, as a matter of law, that the bank was under no duty to investigate the circumstances surrounding the mortgage transaction involving Nicholas Neu and Richard Albert. By invoking the doctrine of apparent authority to justify the propriety of its actions, the bank concomitantly assumed a duty of reasonable inquiry as to Nicholas Neu’s actual perimeter of authority. (Ford v Unity Hosp., 32 NY2d 464, 472-473; General Overseas Films v Robin Int., 542 F Supp 684, 695-696; Karavos Compania v Atlantica Export Corp., 588 F2d 1, 10.) This issue, involving inferences to be drawn from evidentiary proof, cannot be determined on the documentary evidence submitted on the motion.
*831 The mortgage arrangement should have triggered the duty of reasonable inquiry since a gratuitous guarantee by a corporation of a debt of an unrelated corporation is extraordinary. (General Overseas Films v Robin Int., 542 F Supp 684, supra.) Contracts of guarantee and suretyship not in accord with the regular line of corporate business cannot be made without express shareholder authority. (Business Corporation Law, § 908; see Restatement, Agency 2d, § 165, Comment c.) The internal memoranda of the bank evinced an understanding of the peculiarity of the mortgage. The signature of Richard Albert upon the secretary’s certificate of resolution, which authorized the mortgage on behalf of Collision, could reasonably be viewed as inconsistent with his position as prime beneficiary of the mortgage loan.
The sixth cause of action, for slander of title, fails to allege special damages. (Drug Research Corp. v Curtis Pub. Co., 7 NY2d 435, 441.) The seventh cause of action seeks to recover attorneys’ fees but contains no allegation of malice. (See City of Buffalo v Clement Co., 28 NY2d 241, 263.) The eighth cause of action claims punitive damages, which are not recoverable in a separate cause of action (Ferrucci v State of New York, 34 NY2d 881, affg 42 AD2d 359) and in any event require an allegation of malice or wanton and reckless conduct. These three causes of action were, therefore, properly dismissed.
Chief Judge Cooke and Judges Jasen, Jones, Meyer and Simons concur; Judges Wachtler and Kaye taking no part.
Order modified, with costs to appellants, in accordance with the memorandum herein and, as so modified, affirmed.