■ COLLISION PLAN UNLIMITED, INC., et al., Appellants, v BANKERS TRUST COMPANY, Defendant and Third-Party Plaintiff-Respondent. NICHOLAS NEU, Third-Party Defendant-Appellant.—In an action to recoup moneys paid on a mortgage, the plaintiffs and the third-party defendant appeal from so much of an order of the Supreme Court, Nassau County (Molloy, J.), entered May 18, 1989, as denied in part their motion to strike certain of the defendant's second set of interrogatories.

pellants, v BANKERS TRUST COMPANY, Defendant and Third-Party Plaintiff-Appellant-Respondent. NICHOLAS NEU, Third-Party Defendant-Respondent.—In an action to recoup moneys paid on a mortgage, (1) the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Molloy, J.), entered July 27, 1990, as (a) granted the third-party defendant's cross motion to amend his answer to add an additional counterclaim, and (b) denied its cross motion for summary judgment in its favor and against the plaintiffs and the third-party defendant, and (2) the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment against the defendant third-party plaintiff on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, the cross motion by the defendant third-party plaintiff for summary judgment against the plaintiffs and against the third-party defendant is granted, the complaint is dismissed, the counterclaims contained in the answer of the third-party defendant are dismissed, and the cross motion by the third-party defendant to amend his answer to add an additional counterclaim is denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the appellant-respondent is awarded one bill of costs payable by the respondents-appellants and the third-party defendant-respondent.

In 1981, the plaintiff-mortgagor, Collision Plan Unlimited, Inc. (hereinafter Collision Plan), sold certain property which was the subject of a mortgage in order to avert a foreclosure, and satisfied the underlying mortgage debt by paying the sum of $95,443.97 to the defendant-mortgagee Bankers Trust Company (hereinafter Bankers Trust). The mortgage in question had been issued by Collision Plan through its apparent agent, the third-party defendant Nicholas Neu, in order to secure repayment of a debt owed to Bankers Trust by a nonparty, MDR Check Cashing, Inc.

In the present action, Collision Plan and its sole shareholder Marie Neu seek to recover the payments made pursuant to the mortgage. Marie Neu alleges that she was at all relevant times the sole shareholder and director of Collision Plan and that the third-party defendant Nicholas Neu had no authority to issue the mortgage on Collision Plan's property. We agree with the defendant that it has established its right to judgment as a matter of law, both with respect to the plaintiffs'

claims and with respect to the counterclaims of the third-party defendant.

Our previous order dismissing the plaintiffs' complaint *(see, Collision Plan Unlimited v Bankers Trust Co.,* 98 AD2d 706) was reversed by the Court of Appeals (63 NY2d 827) based upon the finding that there were outstanding issues of fact concerning the reasonableness of the defendant's inquiries into the scope of Nicholas Neu's authority to act on behalf of Collision Plan. Now, after further discovery, and the submission of additional proof, we conclude that the defendant Bankers Trust did all that can possibly be expected in order to verify Mr. Neu's claim of authority. The record establishes, in fact, that Collision Plan is but one of Mr. Neu's several corporate alter egos *(see, People v American Motor Club,* 179 AD2d 277). Since Collision Plan was completely under Mr. Neu's control, it is clear that the mortgage was properly issued, and there is no support for the plaintiffs' claim that the moneys paid to satisfy the mortgage debt should be recouped. Mr. Neu's counterclaims, whether pending or proposed, are meritless.

Accordingly, Bankers Trust is granted summary judgment. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.