■ BENEFICIAL HOMEOWNER SERVICE CORPORATION, Appel-

lant, v BENEFICIAL HOMEOWNER SERVICE CORPORATION et al., Defendants, and PETER J. SCHREIBER, Respondent. [605 NYS2d 435] —Cardona, J. Appeal from an order of the Supreme Court (Brown, J.), entered October 22, 1992 in Saratoga County, which granted defendant Peter J. Schreiber's motion for summary judgment on his counterclaim.

On May 10, 1985, defendant Peter J. Schreiber sustained injuries when he was ejected from a motorcycle after it collided with an automobile operated by Edward Carden (hereinafter Carden). Schreiber commenced an action against Carden on May 15, 1985. On October 30, 1986 Carden, individually and as the surviving tenant by the entirety of Nellie Carden, deceased, conveyed a residence located in the Town of Galway, Saratoga County (hereinafter the Galway property) to his daughter Irene Taft and her husband, Harold Taft, in consideration (as set forth, in substance, in an agreement executed the same date) for the provision of shelter and living arrangements for himself and his other daughter, Ella Carden, until their deaths (or earlier institutionalization, if required). On May 14, 1987, the Tafts executed a mortgage recorded in Saratoga County on May 19, 1987 and secured by the Galway property in the amount of $30,000 to Beneficial Homeowner Service Corporation (hereinafter Beneficial). On November 15, 1988, the Tafts executed a supplemental mortgage to Beneficial which by its terms added the sum of $10,625 to the earlier indebtedness for a total amount due of $40,625, plus interest. This mortgage was recorded in Saratoga County on November 21, 1988.

On July 24, 1989, Schreiber filed and docketed by transcript of judgment in Saratoga County a judgment against Carden in the amount of $30,540.90. By deed dated November 30, 1989 and recorded on December 5, 1989, the Tafts conveyed a one-half undivided interest in the Galway property back to Carden and the other one-half undivided interest to his son, Robert Carden, and Robert's wife, Gigetta Carden. Meanwhile on November 25, 1989, a credit line mortgage was executed by Carden, Robert Carden and Gigetta Carden (hereinafter collectively referred to as the Cardens) to Beneficial in the amount $51,750. The credit line mortgage was recorded in Saratoga County on December 5, 1989. No satisfactions of the two earlier mortgages were recorded.

The credit line mortgage went into default and on March 21, 1991 the Cardens conveyed the Galway property to Beneficial by a deed in lieu of foreclosure which provided that the above-referenced mortgages would not merge with the fee

interest in the property. Beneficial then commenced this foreclosure action against itself and the other lienholders of record, ultimately seeking to establish the priority of their mortgage lien. Schreiber answered and counterclaimed asserting the priority of his judgment lien. Schreiber and Beneficial then both moved for summary judgment. Supreme Court granted Schreiber's motion after finding that his judgment lien had priority over Beneficial's mortgage lien. This appeal by Beneficial ensued.

The pivotal issue is whether the credit line mortgage between Beneficial and the Cardens was a "purchase-money mortgage". "A purchase-money mortgage is generally defined as 'a mortgage executed at the time of purchase of the land and contemporaneously with the acquisition of the legal title, or afterward, but as part of the same transaction, to secure an unpaid balance of the purchase price' " (Szerdahelyi v Harris, 67 NY2d 42, 46, quoting 38 NY Jur, Mortgages and Deeds of Trust, § 7, at 25; see, Boies v Benham, 127 NY 620). In other words, the lender must either be the seller of the property or have taken back the mortgage to secure money borrowed for acquiring the property (see, Szerdahelyi v Harris, supra). Beneficial was not the seller and there is no evidence that the mortgage principal was applied to purchase Carden's interest in the property (see, Syracuse Sav. & Loan Assn. v Hass, 134 Misc 82). In fact, it appears that no money was advanced pursuant to this mortgage. Therefore, Beneficial's credit line mortgage was not a purchase-money mortgage and is not entitled to the priority protection of CPLR 5203 (a) (2). Accordingly, as between Beneficial's credit line mortgage and Schreiber's earlier docketed judgment against Carden, Schreiber's judgment lien takes priority. Beneficial's other contentions lack merit and are rejected.

Finally, we note that Schreiber's lien is only enforceable against one half of the Galway property, as that was the extent of Carden's ownership interest at the time of its transfer to Beneficial (see, DiSanto v Wellcraft Mar. Corp., 149 AD2d 560, 563, lv denied 75 NY2d 703).

Crew III, J. P., White, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.