■ LESTER I. CRANDALL, Appellant, v PERSONAL MORTGAGE CORPORATION et al., Respondents. [621 NYS2d 249] —Order unanimously affirmed without costs. Memorandum: In June 1992 plaintiff, then an inmate at Eastern Correctional Facility, signed a general power of attorney designating his wife as his attorney-in-fact. That same month his wife applied to defendant Personal Mortgage Corporation (Personal Mortgage) for a $25,000 first mortgage on the residence that she owned jointly with plaintiff. The general power of attorney was recorded on August 26, 1992. Before the mortgage closing on August 27, 1992, a paralegal with defendant law firm retained by Personal Mortgage contacted Eastern Correctional Facility and requested that the Chief Clerk contact plaintiff to determine whether he had revoked the power of attorney and whether he was aware of the $25,000 mortgage. The paralegal was told by the Chief Clerk that plaintiff said that he "had no problems" with the mortgage. The paralegal then instructed her

law firm's local counsel, also named as a defendant, to proceed with the closing. At the closing, plaintiff's wife executed the mortgage individually and as attorney-in-fact for plaintiff. Thereafter, plaintiff brought an action in the Court of Claims against the State of New York, which was dismissed on the merits. That action asserted claims similar to the ones asserted here.

Supreme Court properly granted that part of defendants' motion for summary judgment seeking to dismiss plaintiff's first cause of action. Plaintiff's allegations do not support an action for breach of privacy under article 5 of the Civil Rights Law, which provides the exclusive basis for a breach of privacy action (see, Wojtowicz v Delacorte Press, 58 AD2d 45, 47, affd 43 NY2d 858).

The court also properly granted that part of defendants' motion for summary judgment seeking to dismiss plaintiff's second cause of action for negligence. In the absence of proof of revocation, the duly executed general power of attorney naming plaintiff's wife as his attorney-in-fact authorized defendants to rely upon the power of attorney (see, General Obligations Law §§ 5-1501, 5-1502A [2]; § 5-1504; Real Property Law § 326). Further, contrary to the contention of plaintiff, defendants owed plaintiff no duty to contact him personally prior to the mortgage closing or to obtain a "meaningful credit check" of his wife.

Plaintiff's third cause of action, for negligent and intentional infliction of emotional distress, was also properly dismissed. None of defendants' alleged "deliberate and tactical acts and omissions" approaches the outrageous conduct necessary to support such a cause of action (see, Burlew v American Mut. Ins. Co., 63 NY2d 412).

Plaintiff's fourth cause of action, alleging that defendants breached an implied contract by disclosing financial information involving plaintiff, is similarly without merit. Defendants did not act improperly in seeking to confirm the validity of the power of attorney by communicating with a prison employee. Such action neither unjustly enriched defendants nor constituted a breach of "implied contract" (see generally, 22 NY Jur 2d, Contracts, § 446).

We have considered plaintiff's remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Monroe County, Wisner, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.