■ HUDSON ENTERPRISES, LTD., et al., Respondents, v RIVKA WASSERMAN, Appellant, et al., Defendant. [682 NYS2d 465] —In an action to foreclose a mortgage, the defendant Rivka Wasserman appeals from (1) an order of the Supreme Court, Rockland County (Bergerman, J.), dated December 9, 1997, which granted the plaintiffs' motion for summary judgment, denied her cross motion for summary judgment, and dismissed her affirmative defenses, and (2) a judgment of foreclosure of the same court dated May 11, 1998, which is in favor of the plaintiff and against her.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501).

We agree with the Supreme Court that there are no triable issues of material fact with respect to the execution of the mortgage which took place on December 14, 1994. The plaintiffs were entitled to rely upon the statutory short form power of attorney which the appellant executed and delivered to her husband and which was not revoked until March 28, 1995. The power of attorney was valid on its face and the "circumstances

surrounding its presentation would not have put a reasonable person on notice that something was amiss" (*Neildan Constr. Corp. v Angona,* 209 AD2d 389, 390; *see also, Crandall v Personal Mtge. Corp.,* 210 AD2d 981; *Grasso v Fiumara,* 167 AD2d 510; *cf., Collision Plan Unlimited v Bankers Trust Co.,* 63 NY2d 827).

The appellant's remaining contentions are without merit. Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.