■ BERNARD GOLDSTEIN, Respondent-Appellant, v JACK BLOCK et al., Appellants-Respondents, et al., Defendants. [733 NYS2d 98] —In an action, *inter alia,* to recover damages for conversion, the defendant Dime Savings Bank of New York, FSB, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Ort, J.), dated February 23, 2000, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and on its cross claim for indemnification asserted against the defen-

dant Josephine Block, and the defendants Josephine Block and Jack Block separately appeal from so much of the same order as denied that branch of the motion of the defendant Dime Savings Bank of New York, FSB, which was for summary judgment dismissing the complaint insofar as asserted against it, and denied their separate motion for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff cross-appeals from so much of the same order as denied his cross motion for summary judgment against the defendant Dime Savings Bank of New York, FSB, and granted the motion of the defendant Dime Savings Bank of New York, FSB, to strike his jury demand.

Ordered that the appeal by the defendants Josephine Block and Jack Block from so much of the order as denied that branch of the motion of the defendant Dime Savings Bank of New York, FSB, which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as those defendants are not aggrieved by that portion of the order (*see,* CPLR 5511); and it is further,

Ordered that the order is modified (1) by deleting the provision thereof granting the motion of the defendant Dime Savings Bank of New York, FSB, to strike the plaintiff's jury demand and substituting therefor a provision denying that motion, (2) by deleting the provision thereof denying that branch of the motion of the defendant Dime Savings Bank of New York, FSB, which was for summary judgment on its cross claim for indemnification asserted against the defendant Josephine Block and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Betty Block and Marcus Block were married for 25 years; each had children from prior marriages, including Betty's son, Bernard Goldstein, and Marcus' son, Jack Block, who is married to Josephine Block. Shortly before their deaths, Betty Block and Marcus Block executed statutory short form powers of attorney to Josephine Block. Josephine Block proceeded to present the power of attorney forms at the Lincoln Savings Bank where Betty Block and Marcus Block maintained eight joint bank accounts. On September 9, 1993, after attesting in a "Lost Book Affidavit" that the passbooks for these accounts had been lost or misplaced, Josephine Block directed the bank to close seven of the eight accounts and transfer the funds to new accounts in her own name.

Betty Block died a few weeks later, and Marcus Block died

two months after Betty, both intestate. The plaintiff, Bernard Goldstein, as administrator of the estate of Betty Block, sought an accounting from the defendants Josephine Block and Jack Block with respect to conversion of Betty's bank accounts prior to her death, and also brought suit against the defendant Dime Savings Bank of New York, FSB, successor to Lincoln Savings Bank (hereinafter the Bank) for negligence in allowing the joint bank accounts to be closed and their proceeds transferred to the defendant Josephine Block.

Generally, a bank is entitled to rely upon the short form power of attorney in banking transactions (*see,* General Obligations Law § 5-1501; *Hudson Enters. v Wasserman,* 256 AD2d 550). However, in the present case, issues of fact exist as to whether the Bank made reasonable inquiry into Josephine Block's apparent authority to close the accounts of Betty Block (*see, Collision Plan Unlimited v Bankers Trust Co.,* 63 NY2d 827; *Morgold, Inc. v ACA Galleries,* 283 AD2d 407; *Holland v Greater N. Y. Sav. Bank,* 222 AD2d 654). Furthermore, the contention of Josephine and Jack Block that they are entitled to summary judgment is without merit. Therefore, the Supreme Court properly denied the respective motions and cross motion for summary judgment.

The Bank offered no evidence that the jury demand waiver contained in its subsequent account agreements was in effect at the time Betty Block opened her accounts, nor did the Bank offer evidence that it subsequently notified Betty Block that it had modified the terms of the account agreement to provide for waiver of jury demand. Therefore, there is no support for a finding that the parties intended to waive the right to a jury trial (*see, Cohn v Adler,* 139 AD2d 481, 482). Accordingly, the Supreme Court should have denied the Bank's motion to strike the plaintiff's jury demand.

To the extent that the Bank may be found liable to the estate of Betty Block for closing the subject accounts on the representations of Josephine Block, it is entitled to indemnification from that defendant. The actions by the Bank were predicated upon the knowingly false representation by Josephine Block that the account passbooks were lost. To allow her to keep any proceeds from the accounts to the detriment of the Bank would result in the unjust enrichment of Josephine Block and is against equity and good conscience (*see, Paramount Film Distrib. Corp. v State of New York,* 30 NY2d 415, *cert denied* 414 US 829; *Matter of Witbeck,* 245 AD2d 848; *see generally, Parsa v State of New York,* 64 NY2d 143). Accordingly, the Bank is entitled to summary judgment on its cross claim for

indemnification against Josephine Block. Goldstein, J. P., McGinity, Schmidt and Smith, JJ., concur.