[907 NE2d 274, 879 NYS2d 361]

In the Matter of 10 EAST REALTY, LLC, et al., Respondents, v INCORPORATED VILLAGE OF VALLEY STREAM et al., Appellants.

Argued February 10, 2009; decided March 31, 2009

## POINTS OF COUNSEL

*Ryan, Brennan & Donnelly, LLP,* Floral Park (*John E. Ryan* of counsel), *McKenna & Schneier,* Valley Stream (*Patrick Michael McKenna* of counsel), and *Minerva & D'Agostino, P.C.* (*Dominick M. Minerva* and *Ross M. Gerber* of counsel), for appellants. A purchase-money mortgage that secures the purchase price on a sale of municipal property does not violate the Gift or Loan Clause of the New York State Constitution. (*New Windsor Volunteer Ambulance Corps, Inc. v Meyers,* 442 F3d 101; *Matter of Taylor v McGuire,* 100 Misc 2d 834; *Cook v Burtis,* 157 Misc 140; *Sun Print. & Publ. Assn. v Mayor of City of N.Y.,* 152 NY 257; *Wein v State of New York,* 39 NY2d 136; *Matter of Schulz v Warren County Bd. of Supervisors,* 179 AD2d 118; *Matter of Antonopoulou v Beame,* 32 NY2d 126; *Piro v Bowen,* 76 AD2d 392; *Kradjian v City of Binghamton,* 104 AD2d 16, 64 NY2d 1039; *Murphy v Erie County,* 28 NY2d 80.)

*Law Offices of Jordan M. Hyman,* Valley Stream (*Jordan M. Hyman* of counsel), for respondents. The Incorporated Village of Valley Stream does not have the authority to take back a purchase-money mortgage in connection with the sale of a parking lot to a private entity in the case at bar as the transaction violates article VIII, § 1 of the New York State Constitution. (*Marine Midland Trust Co. of S. N.Y. v Village of Waverly,* 42 Misc 2d 704; *Wells v Town of Salina,* 119 NY 280; *Sun Print. & Publ. Assn. v Mayor of City of N.Y.,* 152 NY 257; *Cook v Burtis,* 157 Misc 140; *Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669; *Matter of Overton v Town of Southampton,* 273 AD2d 242; *Kradjian v City of Binghamton,* 104 AD2d 16, 64 NY2d 1039; *Brigham v McCabe,* 20 NY2d 525;

*Solicitor for Affairs of His Majesty's Treasury v Bankers Trust Co.,* 304 NY 282; *Sundail Constr. Co. v Liberty Bank,* 277 NY 137.)

*Kathleen O'Neill,* Albany, for New York State Conference of Mayors and Municipal Officials, amicus curiae. I. A municipality is not prohibited from taking a purchase-money mortgage under the Gift or Loan Clause of the New York State Constitution. (*219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506; *Bozewicz v Nash Metalware Co.,* 284 AD2d 288; *PNC Bank v Porco,* 296 AD2d 451; *People v Garland,* 69 NY2d 144; *Szerdahelyi v Harris,* 67 NY2d 42; *DHNH Realty Corp. v Jeantet Residence for Seniors,* 105 Misc 2d 690; *Barone v Frie,* 99 AD2d 129; *Cook v Burtis,* 157 Misc 140; *Lower v Village of Watkins Glen,* 17 AD3d 829.) II. Public policy mandates a finding that grants a municipality the ability to take a purchase-money mortgage on a property sold to a private entity, as it serves a proper public purpose. (*Matter of Antonopoulou v Beame,* 32 NY2d 126; *Vitucci v New York City School Constr. Auth.,* 289 AD2d 479; *Matter of Schulz v Warren County Bd. of Supervisors,* 179 AD2d 118; *Sun Print. & Publ. Assn. v Mayor of City of N.Y.,* 152 NY 257; *Smith v Smythe,* 197 NY 457.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Leonard Koerner, Francis F. Caputo* and *Elizabeth I. Freedman* of counsel), for City of New York, amicus curiae. The Incorporated Village of Valley Stream's acceptance of a purchase-money mortgage as the consideration for its sale of municipal real property to a private entity does not violate the gift or loan prohibition in article VIII, § 1 of the New York State Constitution. (*Landmark West! v City of New York,* 9 Misc 3d 563; *Szerdahelyi v Harris,* 67 NY2d 42; *Mandelino v Fribourg,* 23 NY2d 145; *Barone v Frie,* 99 AD2d 129; *C & M Air Sys. v Custom Land Dev. Group II,* 262 AD2d 440; *Christopher v Gurrieri,* 238 AD2d 299; *Steinberg v Williams,* 163 AD2d 516; *Cook v Burtis,* 157 Misc 140; *Matter of Schulz v Warren County Bd. of Supervisors,* 179 AD2d 118, 80 NY2d 754; *Tribeca Community Assn. v New York State Urban Dev. Corp.,* 200 AD2d 536, 84 NY2d 805.)

### OPINION OF THE COURT

JONES, J.

The issue before this Court is whether a purchase-money mortgage taken by a municipality to secure the payment of the consideration in connection with a sale of municipal property to

a private entity violates article VIII, § 1 of the New York Constitution.

In 2002, respondent, the Incorporated Village of Valley Stream (the Village), sold a parcel of land owned by the Village to 1 E. Lincoln Realty Corp, a private entity, for $275,000. Under the purchase agreement, no money was to be paid at closing, instead the consideration was to be paid over 15 years with an interest rate of 5% per annum. The Village took a mortgage interest in the property to secure the deferred payments under the contract. Petitioners, a civic organization and several residents, then commenced the instant CPLR article 78 proceeding (1) to annul the Village's resolution which authorized the sale and (2) to enjoin the Village from closing on the sale, alleging, among other things, that the transaction involved an unconstitutional loan under article VIII, § 1 of the New York Constitution (Gift or Loan Clause). Modifying Supreme Court's dismissal of the petition (11 Misc 3d 1074[A], 2006 NY Slip Op 50561[U]), the Appellate Division held that the purchase-money mortgage was a loan prohibited by the Gift or Loan Clause (49 AD3d 764 [2008]). We disagree.

The Gift or Loan Clause provides that "[n]o county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking" (NY Const, art VIII, § 1). A purchase-money mortgage is generally defined as "a mortgage executed at the time of purchase of the land and contemporaneously with the acquisition of the legal title, or afterward, but as part of the same transaction, to secure an unpaid balance of the purchase price" (*Szerdahelyi v Harris*, 67 NY2d 42, 46 [1986]). In *Mandelino v Fribourg*, this Court answered the question of "whether a purchase-money mortgage is to be regarded in law as a loan" in the negative (23 NY2d 145, 147 [1968]). Although decided in the context of the usury laws, the rationale is equally applicable in this case. "A contract which provides for [payment] of interest . . . upon a deferred payment . . . constitutes the consideration for a sale" (*id.* at 151) and such a transaction is not the type contemplated by the Gift or Loan Clause (*see Sun Print. & Publ. Assn. v Mayor of City of N.Y.*, 152 NY 257, 268-269 [1897]).

Here, the Village made no loan of money or property to the purchaser. The fact that the consideration in this sale mentions an interest rate and a term of payment, or that a mortgage was taken as a security interest, does not make this transaction involving a deferred payment plan an unconstitutional loan.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the judgment of Supreme Court reinstated.

Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur; Chief Judge LIPPMAN taking no part.

Order, insofar as appealed from, reversed, etc.