[9 NYS3d 759]

RUSSKAYA REKLAMA, INC., Respondent, v GARRI MILMAN, Appellant.

Supreme Court, Appellate Term, Second Department,
2d, 11th and 13th Judicial Districts, March 30, 2015

## APPEARANCES OF COUNSEL

*Law Office of David O'Connor, LLC*, Brooklyn (*David B. O'Connor* of counsel), for appellant.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the order is reversed, without costs, plaintiff's motion for summary judgment in lieu of complaint is denied, upon a search of the record, defendant is awarded reverse summary judgment dismissing the action, and the matter is remitted to the Civil Court for the entry of a judgment in accordance with General Obligations Law § 5-511 (2).

In this action, plaintiff's motion for summary judgment in lieu of complaint (*see* CPLR 3213) seeks to recover the outstanding principal sum of $8,000, as well as contractual interest of $6,000, on a promissory note. The note, signed by defendant, was dated June 8, 2010 and contained the following provision:

> "the principal sum of forty thousand dollars ($40,000.00) with interest at the rate of two (2%) per month in the amount of $6,000.00 payable within six (6) months from the date of this note when the principal shall be due in full.
>
> **"It is hereby expressly agreed**, that the said principal sum secured by this note plus interest shall become due within six (6) months from the date of this note."

In a supporting affidavit, an officer of plaintiff corporation stated that despite plaintiff's demand for payment from defendant, $8,000 of the principal as well as the $6,000 interest payment remained unpaid.

In his opposition to plaintiff's motion, defendant conceded the fact of the note and the nonpayment, but asserted, among other things, that the note was usurious, and was therefore void.

The Civil Court granted plaintiff's motion to the extent of ordering defendant to pay $8,000 to plaintiff, upon a finding that defendant had "freely and willingly" executed the promissory note, had borrowed $40,000 from plaintiff, and had

validated the loan by making a partial payment on the note, and upon a further finding that, in court, plaintiff had orally waived its demand for interest and had sought only to recover the balance of the principal.

Plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating the existence of a promissory note executed by defendant, which note contained an unequivocal and unconditional obligation to repay, and by establishing that defendant had defaulted in complying with the terms of the note (*see e.g. Rachmany v Regev*, 115 AD3d 840, 841 [2014]; *Gullery v Imburgio*, 74 AD3d 1022 [2010]).

With respect to defendant's contention that the note was void and unenforceable because it was usurious, we note that, in general, in New York, loans in excess of 16% are usurious under civil law (*see* General Obligations Law § 5-501; Banking Law § 14-a). For a short-term note, the annualized interest rate must be ascertained in order to assess whether the note is usurious (*see e.g. Oliveto Holdings, Inc. v Rattenni*, 110 AD3d 969 [2013]; *Lugli v Johnston*, 78 AD3d 1133 [2010]).

Here, the note was ambiguous, since it stated both an interest rate of 2% per month, which, annualized, would result in a 24% annual interest rate, and an interest amount of $6,000 on a six-month, $40,000 loan, which, annualized, results in a 30% rate. Both rates, however, are usurious.* Defendant did not, by his partial payment of the note, validate the usurious loan (*see Szerdahelyi v Harris*, 67 NY2d 42 [1986]; *Tinter v Sack*, 230 AD2d 681 [1996]). Nor was plaintiff entitled to recover the balance of the principal amount on the note based on its willingness, stated at oral argument, to waive interest on the loan. Rather, the note, which was usurious on its face, was void and unenforceable from its inception (*see* General Obligations Law § 5-511; *see also Szerdahelyi v Harris*, 67 NY2d 42 [1986]; *Abir v Malky, Inc.*, 59 AD3d 646, 649 [2009]).

We therefore conclude that the Civil Court erred in granting plaintiff's motion for summary judgment in lieu of complaint to the extent of ordering defendant to pay plaintiff the principal sum of $8,000. Since the loan was usurious, the loan transaction and the associated note are void, plaintiff is precluded from recovering the unpaid principal of $8,000 and all

---

* Indeed, under Penal Law § 190.40, an interest rate of 25% or above is deemed criminal usury unless the person charging that interest rate is permitted by law to do so.

outstanding interest, and the note must be cancelled and surrendered (*see* General Obligations Law § 5-511 [2]; *Oliveto Holdings, Inc. v Rattenni*, 110 AD3d at 972; *see also Seidel v 18 E. 17th St. Owners*, 79 NY2d 735, 740 [1992]; *Szerdahelyi v Harris*, 67 NY2d at 47-48, 50-51). Accordingly, the order is reversed, plaintiff's motion for summary judgment in lieu of complaint is denied, upon a search of the record, defendant is awarded reverse summary judgment dismissing the action (*see* CPLR 3212 [b]), and the matter is remitted to the Civil Court for the entry of a judgment in accordance with General Obligations Law § 5-511 (2).

We reach no other issue.

WESTON, J.P., SOLOMON and ELLIOT, JJ., concur.