■ DIRECTIONAL LENDING, LLC, Respondent, v MARIE GUERRERA, Now Known as MARIE TOOKER, Appellant, et al., Defendants. [48 NYS3d 167]—In an action to foreclose a mortgage, the defendant Marie Guerrera, now known as Marie Tooker, appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated April 9, 2014, which denied her motion pursuant to CPLR 5015 to vacate a judgment of foreclosure and sale of the same court (Asher, J.), dated June 28, 2011, and a deficiency judgment of the same court (Rebolini, J.), entered August 10, 2012, and denied her separate motion seeking the same relief.

Ordered that the order is affirmed, with costs.

In this action to foreclose a mortgage, the appellant made separate motions, both seeking to vacate a judgment of foreclosure and sale dated June 28, 2011, and a deficiency judgment entered August 10, 2012. She appeals from an order dated April 9, 2014, which denied both motions.

The appellant failed to perfect an appeal from an order dated October 26, 2011, which denied her prior motion to vacate the judgment of foreclosure and sale. As a general rule, we do not consider any issue raised on a subsequent appeal that could have been raised in an earlier appeal which was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]; *Green Tree Credit, LLC v Jelks*, 120 AD3d 1299 [2014]). We

decline to exercise our jurisdiction to determine the merits of the present appeal to the extent that it raises issues that could have been raised on the appeal from the prior order that was dismissed for failure to perfect (*see Bray v Cox*, 38 NY2d at 350; *Green Tree Credit, LLC v Jelks*, 120 AD3d 1299 [2014]).

With respect to the portion of the appeal challenging the denial of those branches of the appellant's motions which were to vacate the deficiency judgment, the appellant failed to provide any support for her conclusory allegation that the appraisal of the property submitted by the plaintiff in obtaining the deficiency judgment was fraudulent so as to warrant vacatur of that judgment under CPLR 5015 (a) (3) (*see Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 983 [2015]).

The appellant's remaining contentions are without merit. Rivera, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.