Appeal from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated October 6, 2016. The order, insofar as appealed from, (1) denied the motion of the defendant Vincent Jarvis for summary judgment dismissing the complaint insofar as asserted against him, and (2) denied the separate motion of the defendant Vincent Jarvis to vacate a default judgment entered against the defendant Kenneth Martino.
 

 Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Vincent Jarvis for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.
 

 It is undisputed that the plaintiff loaned the defendant Kenneth Martino the sum of $30,000, and in return received a promissory note that charged a usurious rate of interest. The defendant Vincent Jarvis personally guaranteed the note along with Martino. Ultimately, Martino failed to make any payment under the note, and the plaintiff commenced this action against him and Jarvis to recover the sums owed. Jarvis answered the complaint and alleged, as an affirmative defense, that the note was illegal and void because of the usurious interest rate. Martino failed to answer the complaint and a clerk’s judgment was entered against him. Jarvis moved to vacate the default judgment pursuant to CPLR 5015 (a) (3) and separately moved for summary judgment dismissing the complaint insofar as against him based upon the usury defense. The Supreme Court denied both motions based upon its sua sponte application of the doctrine of estoppel in pais.
 

 Jarvis established his prima facie entitlement to summary judgment by demonstrating that the interest rate on the loan was criminally usurious; a loan that is criminally usurious is void (see Roopchand v Mohammed, 154 AD3d 986 [2d Dept 2017]; Oliveto Holdings, Inc. v Rattenni, 110 AD3d 969 [2013]). In opposition to that prima facie showing, the plaintiff failed to raise a triable issue of fact. The doctrine of estoppel in pais provides that “a borrower may be estopped from interposing a usury defense when, through a special relationship with the lender, the borrower induces reliance on the legality of the transaction. . . . Otherwise, a borrower could void the transaction, keep the principal, and ‘achieve a total windfall, at the expense of an innocent person, through his own subterfuge and inequitable deception’” (Seidel v 18 E. 17th St. Owners, 79 NY2d 735, 743 [1992] [citations omitted], quoting Angelo v Brenner, 90 AD2d 131, 133 [1982]). Here, the plaintiff did not submit any evidence of a special relationship between its principal, Paul Lepore, and Martino (see Venables v Sagona, 85 AD3d 904, 905 [2011]; O’Donovan v Galinski, 62 AD3d 769 [2009]). Accordingly, the Supreme Court erred in finding that triable issues of fact exist regarding the doctrine of estoppel in pais.
 

 However, under the circumstances of this case, the Supreme Court properly denied Jarvis’ motion to vacate the default judgment against Martino (see CPLR 5015 [a] [3]; Directional Lending, LLC v Guerrera, 147 AD3d 909 [2017]).
 

 Rivera, J.P., Chambers, Duffy and Iannacci, JJ., concur.