Central Mtge. Co. v Cinque (2021 NY Slip Op 03301)





Central Mtge. Co. v Cinque


2021 NY Slip Op 03301


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-05208
 (Index No. 611669/15)

[*1]Central Mortgage Company, respondent,
v
Alfonso Cinque, appellant, et al., defendants.


Alfonso Cinque, Wading River, NY, appellant pro se.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alfonso Cinque appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (James Hudson, J.), dated March 1, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated November 6, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, granted the plaintiff's motion, among other things, to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this foreclosure action on November 2, 2015. After joinder of issue, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Alfonso Cinque (hereinafter the defendant) and for an order of reference. The defendant opposed the motion, contending that the subject loan was usurious. By order dated November 6, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion. Subsequently, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. By order and judgment of foreclosure and sale dated March 1, 2019, the court granted the motion and directed the sale of the subject property. The defendant appeals.
"A borrower bears the burden of proving each element of usury by clear and convincing evidence, and usury 'will not be presumed'" (Oliveto Holdings, Inc. v Rattenni, 110 AD3d 969, 972, quoting Freitas v Geddes Sav. & Loan Assn., 63 NY2d 254, 261). Here, in opposition to the plaintiff's motion, inter alia, for summary judgment, the defendant failed to submit any evidence, including any information from which the effective interest rate could be calculated (see Oliveto Holdings, Inc. v Rattenni, 110 AD3d 969, 972; Shifer v Kelmendi, 204 AD2d 300, 301), to establish the existence of a triable issue of fact as to whether the loan was usurious (see Miller Planning Corp. with Delta Funding Corp. v Wells, 253 AD2d 859, 860). Accordingly, the Supreme Court properly granted the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
The defendant's remaining contentions, raised for the first time on appeal, are not [*2]properly before this Court.
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.

2019-05208 DECISION & ORDER ON MOTION
Central Mortgage Company, respondent,
v Alfonso Cinque, appellant, et al., defendants.
(Index No. 611669/15)

Motion by the respondent, inter alia, to dismiss an appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County, dated March 1, 2019, on the ground, among others, that no appeal lies from an order and judgment entered upon the default of the appealing party. By decision and order on motion of this Court dated June 3, 2020, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, and no papers having been filed in opposition or in relation thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that no appeal lies from an order and judgment entered upon the default of the appealing party is denied.
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court